## Siwak et ux. *v.* Borough of Rankin, Appellant.

*Boroughs—Nuisance—Garbage plant—Noisome odors—Action of trespass—Case for jury.*

In an action of trespass against a borough, owning and operating an incinerating plant for the purpose of disposing of the refuse, waste, etc., of the borough, the case is for the jury and a verdict and judgment for the plaintiff will be sustained, where the evidence, though contradicted, tends to show that noisome and noxious vapors and stenches resulted from the operation of the plant, and that the dwellings of the plaintiffs were rendered uninhabitable and dangerous to the health of the occupants.

It is not necessary for the plaintiff, in such an action, to show that the business of the defendant was carried on recklessly or not properly managed. His case was made out if he showed that the defendant's business, though lawful in itself, was carried on clearly to his injury, and whether or not it was a nuisance was a question to be submitted to a jury.

Argued May 2, 1919. Appeal, No. 138, April T., 1919, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 1222, on verdict for plaintiffs in case of John Siwak and Mary Siwak, his wife, v. Borough of Rankin. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Trespass for nuisance. Before BROWN, J.

At the trial it appeared that the defendant owned and operated an incinerating plant for the garbage and refuse of the borough, and that, in the course of its business, noxious vapors and fumes were emitted from the plant, over the dwellings of the plaintiffs.

Verdict and judgment for plaintiffs for $700.   Defendant appealed.

*Errors assigned,* among others, were the refusal of defendant's motions for a new trial and for judgment n. o. v.

*Thomas Lawry,* for appellant.—The garbage disposal plant of the borough was not a nuisance per se: Maguire v. Phila., 66 Pa. Superior Ct. 300; Fisher v. Flinn, 189 Pa. 419, 29 Cyc. 1174.

The injury complained of was damnum absque injuria: Harvey v. Coal Co., 201 Pa. 70; Sowers v. McManus, 214 Pa. 244; Robb v. Carnegie, 145 Pa. 340.

*Carl D. Smith,* for appellee.—The defendant maintained a nuisance and was responsible for damages: Fisher v. Sanford, 12 Pa. Superior Ct. 435; Farver v. American Car Co., 24 Pa. Superior Ct. 579; Herbert v. Rainey, 162 Pa. 525; Gavigan v. Oil Co., 186 Pa. 604; Joyce on Nuisances, Sec. 170, Sec. 211.

OPINION BY ORLADY, P. J., July 17, 1919:

In 1908, the Borough of Rankin, a municipal corporation, erected on its own land within the borough limits, an incinerating plant, for the purpose of disposing of the refuse, waste, offal, etc., of the borough.   This action in trespass was brought to recover damages for the injurious use of the said building and furnace as a garbage disposal plant in such a manner; by which noisome, noxious and offensive vapors and stenches were discharged therefrom, so as to render dwellings of the plaintiffs uninhabitable and dangerous to the health of the occupants, by reason of sickness, ailments, etc., caused by said garbage plant.

The right of the borough to build and operate an incinerating plant is not challenged, and the only question involved is whether the operation of this furnace was a

nuisance and maintained as such to the plaintiffs' injury. This question of fact was fairly submitted to a jury and resulted in a verdict in plaintiffs' favor of $700. Motions for a new trial and for judgment non obstante veredicto were dismissed, and judgment entered on the verdict.

In Briegel v. Phila., 135 Pa. 458, it is held, that municipal corporations are liable for the improper management and use of their properties to the same extent and in the same manner as private corporations and natural persons. Unless acting under valid special legislative authority, they must, like individuals, use their own so as not to injure that which belongs to another. And in Commonwealth v. Wilkinsburg Borough, 37 Pa. Superior Ct. 161, applying the same rule it is stated, "When a municipality, after having freely exercised its discretionary power to build or not to build, determines upon the construction of a public sewer, it must so complete the work as not to create a public nuisance. The reasons that compel such a conclusion are, we think, so manifest and have been so often stated that they need not be here repeated." See Joyce on Nuisances, page 510.

It was not necessary for the plaintiff to show that the business of the defendant was carried on recklessly or not properly managed. His case was made out if he showed that the defendant's business, though lawful in itself, was carried on clearly to his injury,—this is the standard established in this State in many of our decisions: Farver v. American Car Co., 24 Pa. Superior Ct. 579; Stokes v. P. R. R. Co., 214 Pa. 419; Evans v. Fertilizing Co., 160 Pa. 209. And whether it was a nuisance, and the danger therefrom real and substantial, the court could do no other than submit it, on the evidence to the jury. The defendant's plant was not a nuisance per se; whether it was a nuisance at all depended on the proof; whether plaintiffs' evidence established the fact could not be determined by the court: Gavigan v. Refining Co., 186 Pa. 604. An examination of the testimony clearly shows that

the verdict was warranted, and was very reasonable in amount.

The assignments of error are dismissed and the judgment is affirmed.