## Butcher *v.* Philadelphia, Appellant.

Argued April 21, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Murray H. Shusterman,* Deputy City Solicitor, with him *Jacob J. Siegal,* Assistant City Solicitor, *Harvey Levin,* Deputy City Solicitor, *Jerome J. Shestack,* First Deputy City Solicitor, and *Abraham L. Freedman,* City Solicitor, for appellants.

*Wm. Barclay Lex,* with him *Joseph P. Flanagan, Jr.,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 23, 1955:

This appeal is from a decree of the court of common pleas enjoining officials of the City of Philadelphia from the payment of salaries to an examiner and deputy examiner in its Department of Public Health because neither official has been qualified by civil service examination and neither is exempt from such examination by law. We agree with the learned court below that the present judicial inquiry is not concerned with what the City Council *could* have enacted, but with the validity of the ordinance which it *did* enact.

By ordinance of October 16, 1953, City Council abolished the office of Coroner. It provided that the person then serving as Coroner should be appointed a Deputy Commissioner of Health until the end of the term for which he was elected. By Sec. 8 (a) (1) of the ordinance it was provided that such person

". . . shall serve as an additional *exempt* deputy. . . ." (Italics supplied) Following the expiration of the term, Council enacted an amending ordinance on January 6, 1954, which transferred the principal functions of the office of Coroner to the office of *Examiner* and Deputy *Examiner* as *exempt* positions—the Examiner to be appointed by the Health Commissioner and the Deputy Examiner to be appointed by the Examiner.

As cogently noted by President Judge KUN, there already being two exempt Deputy Commissioners of Health, the former Coroner could not be appointed as an additional *exempt* Deputy Commissioner of Health until the expiration of the term, because under section 7-301 of the City Charter ". . . *the number of exempt deputies in any department other than the Law Department, shall not exceed two*". The amending ordinance of January 6, 1954, provided that the powers and duties of the Coroner were transferred to the Department of Public Health and were to be ". . . performed by an Examiner appointed by the Health Commissioner and Deputy Examiner appointed by the Examiner". This provision collides with section 7-301 of the City Charter which expressly states that *"All* officers and employees of the City . . . shall be under civil service" except as above indicated.

We agree that Joseph Ominsky, Examiner, and Mayer E. Herman, his deputy, not being entitled to exemption, and not having qualified under civil service, are not legally entitled to hold those offices, and consequently are not entitled to be paid the salaries fixed for those offices.

The decree is affirmed at the cost of appellants.