## Ashton, Jr. v. Schultz

*John F. Goldsmith,* for petitioner.

*Seidel & Cohen,* for respondents.

WILLIAMS, J., June 12, 1972.—This matter is before the court on respondents' preliminary objections

to a petition for declaratory judgment instituted by petitioner in his capacity as Mayor of the City of Easton. Respondents are the members of the council of that city. The preliminary objections are in the nature of a demurrer, a motion for a more specific complaint and "misjoinder of parties."

We have concluded that the demurrer based upon petitioner's failure to proceed by way of an action of quo warranto must be sustained and, therefore, we do not reach the merits of the demurrer or the other preliminary objections.

The petition for declaratory judgment avers that the City of Easton, a third class city within Northampton County, adopted, effective January 3, 1972, the Mayor-Council Plan A form of government permitted to third class cities under the Optional Third Class City Charter Law.[1] At its organizational meeting on January 3, 1972, the city council adopted an Administrative Code from which it deleted provisions relating to the manner of appointment of the city solicitor and the areas of his responsibility. At the same meeting, the council adopted a resolution providing that "the City Solicitor shall be appointed by resolution of City Council" [2] and another resolution appointing James C. Hogan, Esq., city solicitor.[3] The petition further alleges that resolution 5-72 was not submitted to the mayor for his approval or disapproval and that the president and members of the city council have indicated that city council plans no additional action to provide for the manner of appointment of the city solicitor.

Petitioner seeks a decree declaring that city council has no power to appoint a solicitor in the absence of

[1] Act of July 15, 1957, P. L. 901, sec. 101, et seq., 53 PS §41101, et seq.

[2] Resolution 5-72.

[3] Resolution 6-72.

an *ordinance* setting forth the manner of appointment which would be subject to the mayor's veto power and a decree that the appointment of Mr. Hogan as solicitor expired March 3, 1972.[4]

Although petitioner argues that his quarrel is not with Mr. Hogan but rather with city council's manner of providing for the appointment of Mr. Hogan pursuant to its resolution 5-72, a careful reading of the record indicates that the true nature of this action is to test whether or not Mr. Hogan is lawfully in possession of the office of city solicitor. In such a case, the legislature has provided that the remedy shall be by way of an action in quo warranto: Act of June 14, 1836, P. L. 621, sec. 2, 12 PS §2022.

It has been held that, if a statute provides a special form of remedy for a specific type of case, the existence of such remedy will bar declaratory judgment: Johnson Estate, 403 Pa. 476 (1961). Also, it is well established that, where a public officer is de facto exercising the functions of his office under color of right, the proper remedy to test his title is by writ of quo warranto which is not only adequate but exclusive: Carroll Township School Board Vacancy Case, 407 Pa. 156 (1962). In Philadelphia v. Sacks, 418 Pa. 193 (1965), the Supreme Court, confronted with a situation where a quo warranto proceeding was instituted a few days after proceedings for a declaratory judgment had been initiated, held that the lower court properly exercised its discretion and wisely refused to entertain the declaratory judgment proceeding.

The petition in the instant matter fails to disclose why quo warranto proceedings were not initiated. At oral argument and in his brief, petitioner argued that

---

[4] Section 624(b) of the Optional Third Class City Charter Law provides for an interim period of 60 days during which council may act by resolution and make temporary appointments.

quo warranto proceedings were not available to him and that a petition for declaratory judgment was an alternative remedy to quo warranto. Petitioner cites several cases for the latter proposition but a close scrutiny of those authorities discloses that declaratory judgment is an alternative only where other remedies are general common-law remedies or equitable in nature. Those authorities do not refute but rather restate the rule that, where a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed. See Philadelphia Manufacturers Mutual Fire Insurance Company v. Rose, 364 Pa. 15 (1950).

With regard to the availability of quo warranto proceedings, petitioner has attached to his brief a copy of a letter from the District Attorney of Northampton County to petitioner's counsel, dated approximately three weeks before the filing of the present petition, in which the district attorney indicated his unwillingness to lend his name to an action of quo warranto for the present purpose.[5] Petitioner has referred to and we recognize the general rule that an action of quo warranto can be brought only by the Attorney General, or by a district attorney or by a person who has a special right or interest as distinguished from the right or interest of the public generally, or has been specially damaged:[6] Mayer v. Hemphill 411 Pa. 1 (1963).

---

[5] Although the letter is not a matter of record in this proceeding, we recognize its existence and will deal with it in order to expedite a complete discussion of the issue before us.

[6] Petitioner has not argued that he falls within the last-mentioned category. Our examination of the cases indicates that the special interest referred to is the interest of a rival claimant to the disputed office: Dorris v. Lloyd, 375 Pa. 481 (1953), and authorities cited therein. We have no such circumstance in the case at bar.

Petitioner's argument that the district attorney's refusal to lend his name to an action in quo warranto entitles him to relief by way of declaratory judgment is without merit. The proper course of action open to petitioner was set forth by our Supreme Court in Commonwealth ex rel. Schermer v. Franek, 311 Pa. 341 (1933), which held that "the attorney general or district attorney may not arbitrarily refuse either to bring the action [of quo warranto] or permit the use of his name by a private relator. Should he do so, the party aggrieved by his failure may, in a proper case, compel his cooperation by mandamus." (Brackets added).

Petitioner contends that recent cases have eroded the exclusive nature of the quo warranto remedy because: ". . . (1) quo warranto does not always furnish an adequate and full remedy; (2) the widsom of applying a remedy which will avoid a multiplicity of suits; (3) the paramount right of the public to have *a surer and more adequate remedy* to restrain wrongful acts by a public official, including the unlawful expenditure of public money": Chalfin v. Spector, 426 Pa. 464 (1967). (Emphasis theirs.) Analysis of the case law in this area convinces us that the instant matter does not fall within the narrowly circumscribed exceptions recognized by the Supreme Court. Those cases allowing inquiry into a public official's title to office, in the absence of quo warranto proceedings, did so where injunctions to restrain the payment of public funds were involved: Chalfin v. Spector, supra; Mayer v. Hemphill, 411 Pa. 1; Butcher v. Philadelphia, 382 Pa. 34 (1955). Another consideration was the orderly administration of the disputed office and the fear that the government of the municipality would be jeopardized and partially paralyzed for a considerable length of time, thus seriously injuring the public interest and

welfare. Along these lines, petitioner argues that the present controversy threatens to result in protracted legal battles during which the administration of the affairs of the City of Easton will be hindered and the legality of its deeds and actions beset with indefiniteness. Although petitioner makes this assertion of prejudice to the public welfare, we find none of the dire consequences which have led other courts to allow deviation from quo warranto proceedings.[7] It is well established that a person in possession of an office and discharging its duties under color of authority, that is, authority derived from an election or appointment, however irregular or informal, is a de facto officer and his acts are good so far as respects the public: Commonwealth ex rel. Palermo v. Pittsburgh, 339 Pa. 173 (1940); Pleasant Hills Borough v. Jefferson Township, 359 Pa. 509 (1948). It is significant here that petitioner is not questioning Mr. Hogan's ability to discharge his duties but rather contends that the instant matter is concerned with the mayor's right of veto. Under these circumstances, petitioner has not shown sufficient pecuniary or administrative prejudice to the City of Easton as to entitle him to proceed outside of the traditional and long-established method for trying title to office.

If an action for declaratory judgment were available merely because the district attorney or the Attorney General initially refused to prosecute or lend his name to the proceeding, the action of quo warranto for most purposes would cease to exist. Whether or not petitioner has a "proper case" entitling him to mandamus is not before us and we do not rule on that issue. In

[7] In Chalfin v. Spector, 426 Pa. 464, the court was faced with a time element which required determination of the case on its merits so that ballots and election machinery could be readied for an impending municipal election in Philadelphia.

fact, the district attorney may reconsider his earlier position.

This delay in considering the merits of an apparently novel question of municipal law is to be regretted; however, our appellate court decisions clearly require the issue to be raised in a quo warranto proceeding.

We, therefore, enter the following

## ORDER OF COURT

And now, June 12, 1972, respondents' preliminary objection in the nature of a demurrer to plaintiff's petition for declaratory judgment is sustained and the petition is dismissed.