Township of Upper Moreland and Brian Mook, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Department of Transportation and James B. Wilson, Secretary of the Department of Transportation, Respondents.

Argued September 10, 1979, before Judges BLATT, DiSalle and MacPhail, sitting as a panel of three.

*Raymond Jenkins*, with him *Jenkins, Tarquini & Jenkins*, for petitioners.

*Stuart M. Bliwas*, Assistant Attorney General, for respondents.

Opinion by Judge Blatt, December 14, 1979:

The petitioners, Upper Moreland Township (Township) and Township Secretary Brian Mook (taxpayer) on his own behalf as a taxpayer, are seeking to enjoin the respondents, the Pennsylvania Department of Transportation (DOT) and its Secretary from using public funds for the construction of a left-hand standby turning lane on Easton Road in Upper Moreland Township, Montgomery County. The petitioners contend that the proposed construction is for the sole benefit of an adjacent landowner, and is, therefore, an unlawful abuse of discretion by DOT. They also charge that the construction is contrary to Article VIII of the Constitution of this Commonwealth, Pa. Const. Art. VIII, §11, which provides that revenue derived from taxes on gasoline sales, motor vehicle licensing, and other specified forms of taxes on transportation, be used for the public benefit. The case comes to us through our original jurisdiction over proceedings against the Commonwealth and its officers pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa. C.S. §761(a)(1),[1] and the respondents have raised preliminary objections asserting a lack of capacity to sue, a demurrer, and laches.

In weighing the preliminary objection alleging a lack of standing, we must separately consider the standing of the township and the standing of the taxpayer.

The Township, a first class township under The First Class Township Code (Code),[2] contends that it

---

[1] The bar of sovereign immunity does not apply here because suits which seek to restrain state officials from performing affirmative acts, as opposed to suits which seek to compel affirmative acts or seek to obtain money damages, are not within the rule of immunity. *Philadelphia Life Insurance Company v. Commonwealth*, 410 Pa. 571, 190 A.2d 111 (1963).

[2] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §55101 et seq.

has standing to prevent unlawful government spending as a fiduciary of the public interest. As our Supreme Court stated, however, in a decision involving a second class township:

> [I]t is well settled that townships, political subdivisions of the Commonwealth, possess only such powers as have been granted to them by the legislature, either in express terms or which arise by necessary and fair implication or are incident to powers expressly granted or are essential to the declared objects and purposes of the townships: St. Joseph Lead Co. v. Potter Township, 398 Pa. 361, 364, 157 A.2d 638 . . .

*Commonwealth v. Ashenfelder*, 413 Pa. 517, 521, 198 A.2d 514, 515 (1964). This principle applies with equal force to first class townships,[3] counties,[4] boroughs,[5] and cities.[6] In addition, although the Code permits a first class township to "sue and be sued" §1501, 53 P.S. §56501, it contains no specific mandate for a township to sue as a representative of its citizens. Nor can such a mandate be implied in this case as being incidental to powers expressly granted by the Code, or as essential to the purpose of the Code because, even if the Township is denied standing, the allegedly unlawful expenditure can still be challenged by those citizens who will be harmed by it. The interest of the Township in protecting its citizens can adequately be advanced here by the aggrieved citizens themselves.

---

[3] *Philadelphia Presbytery Homes, Inc. v. Abington Township Board of Commissioners*, 440 Pa. 299, 269 A.2d 871 (1970).

[4] *Borough of Valley-Hi Incorporation Case*, 33 Pa. Commonwealth Ct. 180, 381 A.2d 204 (1977).

[5] *Summerhill Borough v. Pennsylvania Department of Environmental Resources*, 34 Pa. Commonwealth Ct. 574, 383 A.2d 1320 (1978).

[6] *United Tavern Owners of Philadelphia v. Philadelphia School District*, 441 Pa. 274, 272 A.2d 868 (1971).

Absent an express or implied mandate granting it an extraordinary capacity to sue, therefore, the Township must possess a sufficient "interest," as defined by the general law of this Commonwealth, to warrant standing in the case.

Our Supreme Court, in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), held that standing requires a party to show a substantial, direct and immediate interest in the subject matter of the litigation. The requirement of a "substantial interest" means that there must be some discernible adverse effect to some interest of the party other than the abstract interest of all its citizens in preventing an allegedly unlawful government expenditure. Nor does the Township have a "direct interest" which, as defined in *Wm. Penn Parking, supra,* requires that the matter of which a party complains must be the cause of the party's harm. Quite to the contrary here, the Township itself will not be directly harmed by the DOT expenditure; its harm, if any, will be derived from the effect of the expenditure on its citizens. Similarly, in a case where a city attempted to sue on behalf of its taxpayers to prevent the construction of a new high school by a school district, the Court said:

'. . . [W]here it cannot in any sense be regarded as a representative of the public or of its inhabitants or citizens, it has been held that such [municipal] corporation may not maintain an action to protect the rights of its resident taxpayers where the litigation does not affect such corporation directly.' 64 C. J. S. §2186b (2).

*City of Hazleton v. Hazleton Area School District,* 442 Pa. 477, 480, 276 A.2d 545, 547 (1971).

Moreover, we have also reached the same result when a county sued here on behalf of its citizens in a

case where we could find no express mandate in the County Code[7] for a county to sue. *Borough of Valley-Hi Incorporation Case,* 33 Pa. Commonwealth Ct. 180, 381 A.2d 204 (1977). Because of the Township's lack of standing, therefore, we must grant DOT's preliminary objection as to the Township and dismiss the Township as a party to this case.

As to the standing of the taxpayer, he argues that he has standing to enjoin public officials from unlawfully spending public funds because such expenditures will directly harm his interests as a taxpayer. This, of course, has been the law of the Commonwealth for many years. As our Supreme Court stated in *Mayer v. Hemphill,* 411 Pa. 1, 6, 190 A.2d 444, 446 (1963):

> [T]here is likewise a well settled general rule that a taxpayer has a right and standing to sue to enjoin public officials from wrongfully or unlawfully expending public money, and in such cases the complaint need not have any special interest which is damaged other than his interest as a taxpayer: Smith v. Gallagher, 408 Pa. 551, 185 A.2d 135; Butcher v. City of Philadelphia, 382 Pa. 34, 114 A.2d 120. . . .

We take note, of course, of decisions of this Court which held that a taxpayer has no standing to attack public spending which is only incidental to the administration of a regulatory statute, *Wilt v. Beal,* 26 Pa. Commonwealth Ct. 298, 363 A.2d 876 (1976), but the spending involved here is more than that; rather, DOT here plans a one-time expenditure for a permanent improvement. Thus, the taxpayer falls within the settled rule that taxpayers have standing to contest public spending, and DOT's preliminary objection must be dismissed as to him.

---

[7] Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §101 et seq.

As for the preliminary objection in the nature of a demurrer, the general rule is that a demurrer admits as true all well pleaded facts in the petition or complaint. *Kutsenkow v. Kutsenkow,* 414 Pa. 610, 202 A.2d 68 (1964). But conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinions are not admitted. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976). With these principles in mind, we note that the taxpayer pleads here three factual allegations: (1) that DOT and its Secretary entered into a written agreement in May 1970 with the Hankin Realty Corporation and Moe E. Hankin, who individually or collectively owned property along Easton Road, to provide a standby lane on Easton Road permitting left turns for southbound traffic through the median barrier into the Hankin properties, and also providing that Hankin Realty and Moe H. Hankin would discharge the Commonwealth of Pennsylvania from all claims and damages arising out of an eminent domain proceeding which was then in progress by the Commonwealth against portions of the Hankin property; (2) that the left-turn access was not provided for other properties similarly situated on Easton Road; and, (3) that the standby lane creates a hazardous impediment to the flow of traffic on Easton Road. From these allegations of fact, the taxpayer infers that the standby lane was intended unlawfully and unconstitutionally for the sole benefit of private interests. The issue to resolve, therefore, is whether the facts as pleaded, and as admitted for the purposes of the demurrer, state a cause of action.

Initially, we note that eminent domain settlement agreements are permitted by Section 502 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §670-502. Furthermore, a petitioner is charged with a heavy burden to show that a street or turning lane, which is open for public use, is actu-

ally intended for the sole benefit of a private party. *Washington Park, Inc. Appeal,* 425 Pa. 349, 229 A.2d 1 (1967). Nevertheless, as we have often previously held, preliminary objections in the nature of a demurrer will be sustained only when it appears with certainty that the law permits no recovery under the facts pleaded, and any doubts in the determination should be resolved by overruling the objections. *Monti v. City of Pittsburgh,* 26 Pa. Commonwealth Ct. 490, 364 A.2d 764 (1976). We cannot with certainty say here, at this point in the proceedings, that the taxpayer's inference from the facts is unwarranted, or that relief cannot be granted on the admitted facts. The preliminary objection in the nature of a demurrer must, therefore, be overruled.

Finally, with regard to the preliminary objection raising the defense of laches, the respondents have not informed this Court of any reason why laches should apply other than to allege that the taxpayer has been on notice of the proposed turning lane since 1970. This bare averment is insufficient to sustain the objection. The facts surrounding a laches defense ordinarily must be developed at a hearing and preliminary objections raising laches are only granted where the issue is free from doubt. *Bicentennial Commission of Pennsylvania v. The Olde Bradford Co.,* 26 Pa. Commonwealth Ct. 636, 365 A.2d 172 (1976).

JUDGE MACPHAIL dissents.

### ORDER

AND Now, this 14th day of December, 1979, we rule upon the preliminary objections of respondent, Pennsylvania Department of Transportation, as follows:

THAT the objection in the nature of a lack of capacity to sue is sustained as to petitioner Upper Moreland Township, and the complaint of Upper Moreland Township is hereby dismissed,

THAT the objection in the nature of a lack of capacity to sue is hereby dismissed as to petitioner Brian Mook,

THAT all other preliminary objections are hereby dismissed.