## Brooks v. Grell

*John H. Broujos,* for plaintiffs.
*Timothy I. Mark,* for defendants.

HOFFER, *J.*, June 5, 1980—Plaintiffs, Lawrence A. Brooks, Jr.; Marianne C. Brooks, Andrea Lauren Brooks, by her parents, Lawrence A. Brooks and Marianne C. Brooks, Kenneth Henriques, Lorraine Henriques, and Ann M. Buzzelli, instituted this action against defendants, Donald E. Grell and Bernice L. Grell, individually and t/a Safari Campground and Red Arrow Safari Campground, by filing a complaint in assumpsit and trespass on February 1, 1980. Plaintiffs, with the exception of Ann M. Buzzelli, allege that on or about May 27, 1977 they arrived at defendants' campground, paid rental and registration fees, and connected their campers to the campground's water, electric, and sewer systems. They further allege that as a result of the contamination of the water supply (by a fecal streptococcus germ) at defendants' campground, they became severely ill and suffered headaches, nausea, diarrhea, and stomach cramps which continued during their stay at defendants' campground and for several days thereafter. Plaintiff Ann M. Buzzelli alleges that she contracted the illness from Andrea Lauren Brooks, her granddaughter, when she babysat with her on June 2, 1977.

In counts I through VI each plaintiff individually seeks recovery against defendants on the basis of negligence in an amount in excess of $10,000. Each

plaintiff claims to have suffered severe pain, suffering, and inconvenience. Lawrence A. Brooks, Jr. and Andrea Lauren Brooks seek recovery for medical expenses incurred. Lawrence A. Brooks, Jr., Marianne C. Brooks, and Lorraine Frances Henriques seek recovery for lost wages. Marianne C. Brooks, who was in her second month of pregnancy, seeks recovery for severe mental distress caused by her illness. Plaintiffs allege that defendants were negligent in allowing too many trailers in the campground at one time, in allowing water to be drawn from a chlorination tank before being properly treated, in failing to prevent contamination of the water supply, and in failing to meet water quality standards established by the Pennsylvania Department of Environmental Resources.

In counts VII through XII, captioned "In Assumpsit," each plaintiff seeks recovery for the injuries set forth in counts I through VI on the basis of strict liability under section 402A of the Restatement, 2d, Torts.

Defendants filed preliminary objections on February 26, 1980 which include a motion to strike for lack of conformity to rules of court, a demurrer, and a motion for more specific pleadings. Each of these preliminary objections will be considered separately below.

• • •

Defendants assert that counts VII through XII fail to set forth causes of action either under implied warranty or strict liability in tort.

A preliminary objection in the nature of a demurrer admits as true all well pleaded facts in a complaint and all inferences reasonably deducible therefrom: Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976). A demurrer should be sustained only

when the court is convinced that the law permits no recovery under the facts pled; and where any doubts exist, the determination should be resolved by overruling the objections: Township of Upper Moreland v. Com., 48 Pa. Commonwealth Ct. 27, 409 A. 2d 118 (1979). The complaint need not set forth plaintiffs' underlying legal theory or theories, and it is the court's obligation to discover the cause of action: DelConte v. Stefonick, _____ Pa. Superior Ct. _____, 408 A. 2d 1151 (1979).

This court will not determine whether or not a cause of action for breach of implied warranty of merchantability has been stated in counts VII through XII since plaintiff, through counsel's brief and oral argument, has expressed a desire to amend the caption of these counts to read "In Trespass" and to proceed on theories of negligence and strict liability and not on the theory of breach of implied warranty.

Pennsylvania courts have adopted section 402A of the Restatement, 2d, Torts on strict liability: Webb v. Zern, 422 Pa. 424, 220 A. 2d 853 (1966). Section 402A provides a cause of action in strict liability as follows:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold."

This court, however, has been unable to discover, and the parties have not cited any cases, Pennsyl-

vania or otherwise, in which section 402A has been applied when allegedly contaminated water has been supplied to consumers. For the reasons set forth below, this court finds that the providing of water by the owners of a private campground incident to the rental of campsites is not the sale of a product by a seller engaged in the business of selling such a product within the purview of section 402A.

Defendants' supplying of water to plaintiffs incident to the rental of the campsites does not appear to be the kind of transaction to which section 402A is addressed. The Pennsylvania Supreme Court, in one of the leading cases under section 402A, described the policy behind it as follows:

"The law of products liability developed in response to changing societal concerns over the relationship between the consumer and the seller of a product. The increasing complexity of the manufacturing and distributional process placed upon the injured plaintiff a nearly impossible burden of proving negligence where, for policy reasons, it was felt that a seller should be responsible for injuries caused by defects in his products." Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 93, 337 A. 2d 893, 898 (1975).

Water is a substance which is different in kind from the manufactured or processed products which are the primary focus of section 402A and the supplying of water to campers does not amount to the sale of a product.

Defendants herein are engaged in the business of renting campsites and in connection therewith supply renters with electricity, sewage, and water. This court does not consider defendants to be engaged in the business of selling water even though

we recognize that courts have applied section 402A to situations which do not literally involve the selling of products. See Francioni v. Gibsonia Truck Corp., 472 Pa. 362, 372 A.2d 736 (1977). Whether labeled a sale of a product or provision of a service, the supplying of water in the circumstances presented herein is not a proper subject for the imposition of strict liability.*

The facts in counts VII through XII of the complaint fail to set forth a cause of action and therefore the demurrer as to these counts is sustained.

Defendants' demurrer to plaintiffs' references to the Clean Streams Law of June 22, 1937, P.L. 1987, as amended, 35 P.S. §691.1, and 25 Pa. Code §191.1 et seq., in paragraph 18(D) is overruled. Plaintiffs are alleging that defendants failed to comply with these statutes and regulations and that this failure constitutes negligence. Violations of the above statutes are relevant to plaintiffs' cause of action, but this court is not at this time determining whether violation of them constitutes negligence per se.

•  •  •

## ORDER

And now, June 5, 1980, for the reasons stated in the opinion filed this date, defendants' preliminary objections are sustained in part and denied in part as follows:

Defendants' motion for a more specific pleading is sustained as to the allegations in paragraphs 5, 6, 7, 8, and 12, and denied as to all other allegations.

---

*This court does not find that under no circumstances can the supplier of water be held strictly liable for injuries resulting from the "sale" of water under section 402A or implied warranty theories.

Defendants' motion to strike for lack of conformity to rules of court is sustained as it relates to the alleged violation of Pa.R.C.P. 1020(d)(1) in counts VII through XII (paragraph 4) and is denied as it relates to the alleged violations of Pa.R.C.P. 1019(h) (paragraph 1), Pa.R.C.P. 1020(b) (paragraph 2), and Pa.R.C.P. 1044(d) and C.C.R.C.P. 401-1 (paragraph 3).

Defendants' demurrer to counts VII through XII is sustained. Defendants' demurrer to paragraph 18(D) of the complaint relating to the statutes and regulations cited is denied.

Plaintiffs are given 20 days to file an amended complaint as specified.