James M. Burton, Appellant *v.* Borough of Dormont, a Municipal Corporation, Appellee.

Argued May 7, 1981, before Judges MENCER, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*James M. Burton, Rosenzweig, Rosenzweig & Burton,* for appellant.

*Phillip D. Paull,* for appellee.

OPINION BY JUDGE PALLADINO, December 2, 1981:

Appellant-homeowner appeals an order of the Court of Common Pleas of Allegheny County which sustained preliminary objections in the nature of a demurrer filed by Appellee-Borough of Dormont. We affirm the decision of the court of common pleas.

Appellant owns a garage with an ingress/egress on a twenty-foot wide street. Because the parking of motor vehicles is permitted all along the street, Appellant asserts that access to his garage is impeded and that the obstructive parking constitutes a nuisance.[1]

> In legal phraseology, the term 'nuisance' is applied to that class of wrongs that arise from the unreasonable, unwarrantable, or unlawful use by a person of his own property, real or personal, or from his own improper, indecent, or unlawful personal conduct, working an obstruc-

---

[1] Appellant's complaint in equity seeks relief from a private nuisance. "The difference between a public and a private nuisance does not depend upon the nature of the thing done but upon the question whether it affects the general public or merely some private individual or individuals." *Groff v. Borough of Sellersville,* 12 Pa. Commonwealth Ct. 315, 318, 314 A.2d 328, 330 (1974) (quoting *Phillips v. Donaldson,* 269 Pa. 244, 246, 112 A. 236, 238 (1920)).

tion or injury to a right of another, or of the public, and producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage. . . .

*Groff v. Borough of Sellersville,* 12 Pa. Commonwealth Ct. 315, 318, 314 A.2d 328, 330 (1974) (quoting *Kramer v. Pittsburgh Coal Co.,* 341 Pa. 379, 381, 19 A.2d 362, 363 (1941)).

In his complaint in equity to abate and remove the alleged nuisance, Appellant states that "the [Appellee-Borough] has permitted and encouraged the blockage of access into and out of [Appellant's] garage" and that "[t]he aforesaid blockage, exists by virtue of the fact that the [Appellee-Borough] allows and encourages non-resident and resident parking on Mervin Avenue directly opposite [Appellant's] garage. . . ." Appellant further declares that he "has been greatly inconvenienced and caused to suffer emotional distress, loss of wages and costs of towing-away vehicles which block the garage entrance/exit."

Since preliminary objections in the nature of a demurrer "admit[s] as true all well pleaded facts in the . . . complaint"[2] and since Appellant's pleadings aver an interference with Appellant's right to enjoy his property, Appellant has successfully pleaded the existence of a nuisance in the instant case. However, Appellant's averments disclose that the subject nuisance about which Appellant complains, is created and maintained by private citizens whose street-parking hinders access to Appellant's garage. With respect to Appellee-Borough, Appellant's pleadings merely indicate that Appellee has not acted to abate the extant nuisance by regulating or prohibiting the obstructive street-parking of private citizens.

---

[2] *Township of Upper Moreland v. Pennsylvania Department of Transportation,* 48 Pa. Commonwealth Ct. 27, 33, 409 A.2d 118, 121 (1979).

46

Through its preliminary objections, Appellee-Borough argues that even if a nuisance exists, Appellant's request for relief cannot be granted because Appellee cannot be compelled to exercise its discretionary powers to abate or remove the nuisance.[3] "[P]reliminary objections in the nature of a demurrer will be sustained . . . when it appears with certainty that the law permits no recovery under the facts pleaded. . . ."[4]

Pursuant to Section 1202(4) of The Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §46202(4), a borough is specifically empowered "[t]o prohibit and remove any obstruction or nuisance in the streets of the borough." "There is no doubt that under the Borough Code . . . the Municipal authorities have the power to regulate the roads and streets of the municipality and to remove any obstruction or nuisance in the highways of the borough." *Shuck v. Ligonier Borough*, 343 Pa. 265, 268, 22 A.2d 735, 737 (1941); *see Borough of Scottdale v. National Cable Television Corp.*, 28 Pa. Commonwealth Ct. 387, 368 A.2d 1323 (1977), *aff'd*, 476 Pa. 47, 381 A.2d 859 (1977). Nevertheless,

> a municipality is under no duty to abate a nuisance for which it is in nowise responsible, although it may be authorized by statute to abate the same. As was stated by the Superior Court of Pennsylvania in Allebrand v. Borough of Duquesne, 11 Pa. Superior Ct. 218, 223 (1899):

---

[3] A municipality cannot, itself, create and maintain a nuisance. *Scibilia v. Philadelphia*, 279 Pa. 549, 124 A. 273 (1924); *Briegel v. City of Philadelphia*, 135 Pa. 451, 19 A. 1038 (1890); *Wartman v. City of Philadelphia*, 33 Pa. 202 (1859); *Siwak v. Borough of Rankin*, 72 Pa. Superior Ct. 218 (1919).

[4] *Township of Upper Moreland v. Pennsylvania Department of Transportation*, 48 Pa. Commonwealth Ct. 27, 34, 409 A.2d 118, 121 (1979).

'There is a wide difference between the commission of an act, which, whether committed by a municipal corporation or by a private person, would be an actionable nuisance, and the mere failure of the corporation to exercise its . . . power to abate nuisances, not rendering its streets unsafe, and for the creation of which it was nowise responsible: 2 Dill. Mun. Corp. Sec. 951; McDade v. Chester, 117 Pa. 414.'

*Sewage in Second Class Townships,* 60 Pa. D. & C. 325, 334 (1947).

Municipalities as governmental agencies have a discretionary power to abate certain kinds of nuisances, but they become civilly liable if . . . damage results from the continued existence of a known nuisance on a public highway that makes it unsafe for travel. . . . Though a given condition in a street may not technically be a nuisance, the general rule is that municipalities having full and complete control over their streets are liable in damages for injuries sustained in consequence of their failure to use ordinary care to keep them in a reasonably safe condition for public travel. . . .

*Lawrence v. Scranton City,* 284 Pa. 215, 218-19, 130 A. 428, 429 (1925).[5]

Therefore, under the facts outlined in Appellant's pleadings, Appellee-Borough cannot be held liable for failure to exercise its discretionary power to abate the

---

[5] A borough can be held liable for failing to keep its streets reasonably safe for travel whether or not the dangerous condition of the streets has been created by the borough. *North Manheim Township v. Arnold,* 119 Pa. 380, 13 A. 444 (1888) ; *City of Scranton v. Catterson,* 94 Pa. 202 (1880) ; *Green v. Freeport Borough,* 218 Pa. Superior Ct. 334, 280 A.2d 412 (1971). In the present case Appellant has not alleged that the obstructive parking has rendered the street unsafe. Rather, Appellant has merely complained that the parking makes access to his garage inconvenient.

parking nuisance of which Appellant complains. Because Appellant cannot recover against Appellee-Borough in these circumstances, Appellee's preliminary objections in the nature of a demurrer must be sustained.

Accordingly, we will enter the following

ORDER

AND Now, December 2, 1981, the order of the Court of Common Pleas of Allegheny County, dated June 27, 1980, GD80-06950, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent. The majority opinion states that the Appellant has successfully pleaded a nuisance but that the nuisance is created and maintained by private citizens. My reading of the complaint indicates that the Appellant has alleged that the *Borough* has created and maintained the nuisance. The issue of who is responsible for the alleged nuisance, if anyone, is for the factfinder. While the Borough has discretionary authority to abate nuisances which are the responsibility of others, it has no discretion with respect to nuisances for which it is responsible as the actor.

I would reverse.