**Feigenbaum v. Solot**

**414**

*Sidney B. Klowsky* and James B. Mogul, for plaintiffs Feigenbaum and Dickert.

*Jay L. Edelstein, Richard Mennies, David G. Blake* and *Rochelle M. Fedullo,* for defendant Camp Green Lane.

LOWE, *J.,* September 15, 1992—This matter is on appeal before the Superior Court of Pennsylvania following the July 29, 1992, sustaining of preliminary objections in the nature of a demurrer of defendant C.G.L. Inc., d/b/a Camp Green Lane.

Plaintiffs Andrew S. Dickert and Elysa Feigenbaum (hereinafter plaintiffs) were camp counselors at defendant C.G.L. Inc., d/b/a Camp Green Lane. On July 5, 1990, plaintiffs were passengers in a 1981 Toyota Cressida owned by defendants Gerald Solot and Bonnie Solot. Also present in the car were fellow camp counselors, defendant John Solot and additional defendant Stuart Goldstein. While in the process of returning from defendant Tylersport Tavern, where it is alleged the group purchased and consumed alcohol while under the age of 21, defendant John Solot took control over the operation of the automobile by grabbing the steering wheel away from plaintiff Dickert. As a result, the car ran off the road and impacted with a utility pole and other surrounding objects. Plaintiffs

seek damages from defendant camp for the severe injuries they sustained in said accident.

Following the filing of preliminary objections by defendant camp, the court granted a preliminary objection in the nature of a demurrer and dismissed the remaining preliminary objections on July 29, 1992.

Preliminary objections in the nature of a demurrer will be sustained if and when it appears with certainty that the law prohibits any recovery under the facts pleaded. *Upper Moreland v. PennDOT,* 48 Pa. Commw. 27, 409 A.2d 118 (1979). If any doubts exist in the determination of said preliminary objections in the nature of a demurrer, they should be resolved by dismissing the objections. *Id.* at 36, 409 A.2d at 121.

Presently, the crux issue is whether or not defendant camp had assumed the relationship of in loco parentis to the camp counselors.

An analysis of Pennsylvania law reveals that the rationale of in loco parentis is inapposite the present case. The status of in loco parentis requires the assumption of parental status as well as the discharge of parental duties. *Commonwealth ex rel. Morgan v. Smith,* 429 Pa. 561, 565, 241 A.2d 531, 533 (1968). It "refers to a person who puts himself in the situation of a lawful parent by assuming obligations incident to the parental relationship without going through the formality of legal adoption." *Id.* at 565, 241 A.2d at 533. See also *Klein v. Sarubin,* 324 Pa. Super. 363, 471 A.2d 881 (1984); *Spells v. Spells,* 250 Pa. Super. 168, 378 A.2d 879 (1977). The "[e]xistence of the status in loco parentis is largely dependent upon the intention of the person assuming the status." *Klein, supra* at 367-368, 471 A.2d at 883.

Instantly, plaintiffs seek to attribute defendant with in loco parentis status on the basis of an employment contract formed between plaintiffs with defendant camp. However, at no point did defendant camp assume parental status for it did not assume "obligations incident to the parental relationship without going through the formality of a legal adoption." *Commonwealth ex rel. Morgan,* 429 Pa. at 565, 241 A.2d at 533. Moreover, the facts of the present case do not reveal the notion that defendant camp intended to assume parental obligations as required by *Klein,* 471 A.2d at 883.

Further, there is no support in Pennsylvania for the underlying assertion in plaintiffs' argument that an employment contract creates in loco parentis status for the employer. By way of illustration, plaintiffs' memorandum of law in support of plaintiffs' answers to preliminary objections of defendant, C.P.L. Inc., d/b/a Camp Green Lane attempts to lend support to their contention that in loco parentis status should be assigned to defendant camp by citing *Seger v. Seger,* 377 Pa. Super. 391, 547 A.2d 424 (1988) at page 14. *Seger* merely applies the in loco parentis rationale established in *Commonwealth ex rel. Morgan, supra,* to bestow parental status on a stepfather who resides with his spouse and her natural children. *Seger* at 399, 547 A.2d at 428. Plaintiffs' memorandum therefore misreads the holding of the case. An employment contract formed between an employer and his employees creates a legal relationship wholly different from that existing between a stepfather and the natural children of his spouse. Hence, the rationale of in loco parentis cannot be applied in this controversy. Inasmuch as plaintiffs have not presented any other legal

theories in support of their claim, they have failed to state a claim upon which the law affords them recovery.

In view of the foregoing, the court's grant of the preliminary objections in the nature of a demurrer should not be disturbed.