**Theodore Frank HASSELL**

v.

**CITY OF PHILADELPHIA, Joseph O'Neill, Police Commissioner of Philadelphia, Joseph Rizzo, Fire Commissioner of Philadelphia, Dominic Sabatini, Commissioner of Licenses and Inspections of Philadelphia, Edward Jadczak, Thomas M. Gallagher.**

Civ. A. No. 80–4259.

United States District Court,
E. D. Pennsylvania.

Feb. 11, 1981.

Melvin Alan Bank and Thomas R. Yorko, Philadelphia, Pa., for plaintiff.

Gerald Clark, Asst. City Sol., City of Philadelphia Law Dept., Philadelphia, Pa., for municipal defendants.

Michael K. Simon, Philadelphia, Pa., for private defendants.

## OPINION

LUONGO, District Judge.

Plaintiff Theodore Hassell is a Philadelphia resident who contends that his civil rights were violated when Philadelphia police officers, firemen, and representatives of Licenses and Inspections searched his home pursuant to a civil search warrant and seized some of his personal property, including flammable materials, firearms, and ammunition.[1] Defendants are the City of Philadelphia, the Commissioners of the City's police, fire, and licenses and inspections departments, and two neighbors of

---

1. The search of plaintiff's home was conducted after the City filed a suit in equity to correct violations of the Philadelphia Code at Hassell's address, pursuant to a search warrant issued by a Common Pleas Court Judge.

Hassell. Specifically, Hassell contends that in executing a warrant issued to determine if Hassell was in violation of the Philadelphia Code, the officers seized and damaged his personal property, thereby compelling him to leave his home; subjected him to physical abuse, resulting in lasting injury; and unjustifiably charged him with criminal offenses.[2] Hassell contends that the two neighbors whom he named as defendants engaged in a systematic pattern of harassment, including slander and destruction of plaintiff's property. Hassell brings suit under 42 U.S.C. § 1983 and directly under the Fourteenth Amendment of the United States Constitution. All defendants now move to dismiss for failure to state a claim on which relief can be granted.

### I. *Plaintiff's Case Against the Municipal Defendants*

#### A. *Liability of the City of Philadelphia*

The City of Philadelphia moves to dismiss on the ground that the complaint fails to allege facts which, if proven, would satisfy the standard for municipal liability set forth by the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell*, the Court held that a municipality may be liable under 42 U.S.C. § 1983, provided that

> the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers.

436 U.S. at 690, 98 S.Ct. at 2035.

The City points out that Hassell's complaint fails to allege that there is an official policy or custom of authorizing, encouraging, or condoning the violation of constitutional rights in connection with the City's enforcement of the Philadelphia Code and contends the complaint is therefore inadequate on its face. In response, Hassell contends that he has alleged the existence of an official City policy in that his complaint alleges that the defendants acted under Title V of the Philadelphia Code in conducting the search, and

further alleges that there is a custom of concerted activity in executing civil search warrants by the three City departments named as defendants.

Hassell's response misses the point of the City's argument. In order to state a claim under § 1983, Hassell must allege and prove that the City has a policy or custom of engaging in the unconstitutional activities complained of. An allegation that city officials were acting in furtherance of their duty to enforce the Philadelphia Code at the time the alleged constitutional violations occurred only establishes that they were acting under color of law. In order to create liability for deprivation of civil rights on the part of the municipality, it is necessary to establish that the unconstitutional actions taken by the City's representatives were the product of official policy, or represented customary behavior by the City in executing civil search warrants. That the City has an ordinance prohibiting the maintaining of hazardous conditions in properties within the City, and that City departments cooperate in enforcing such ordinance does not spell out a deprivation of civil rights. Accordingly, the City is correct that Hassell has failed to state a claim against it under § 1983.

Hassell further contends that even if he has failed to state a claim under § 1983, he has stated a claim against the City directly under the Fourteenth Amendment. The Court of Appeals for this circuit has not yet decided whether, in light of the Supreme Court's decision in *Monell* permitting suit against a municipality under § 1983, a direct cause of action under the Fourteenth Amendment exists. *Patzig v. O'Neil*, 577 F.2d 841, 850 (3d Cir. 1979). I have previously held that a direct cause of action does not exist, *Kedra v. City of Philadelphia*, 454 F.Supp. 652, 679 (E.D.Pa.1978), and Judge Pollak of this court has agreed with this position. *Jones v. City of Philadelphia*, 481 F.Supp. 1053 (E.D.Pa.1979); *Baffa v. Black*, 481 F.Supp. 1083 (E.D.Pa.1979). As Judge Pollak stated in *Jones*, "[i]t would serve no useful purpose to authorize two indistin-

---

**2.** Hassell was found guilty of recklessly endangering other persons after a non-jury trial before Judge Richard Klein of the Philadelphia Court of Common Pleas.

guishable causes of action, one statutory and one constitutional. And it would undercut the legislative function to find in the Fourteenth Amendment a cause of action broader in scope than, and to that extent incompatible with, the cause of action fashioned by Congress. ..." 481 F.Supp. at 1056.

▆ Hassell maintains that since his suit under § 1983 is threatened by the City's Motion to Dismiss, I should be particularly hesitant to bar a direct suit under the Constitution. If in fact there were a legal bar to Hassell's § 1983 claim such as existed before *Monell*, there might well be some merit to his argument. Here, however, § 1983 would provide Hassell with a means of redress if he adequately stated a claim against the City. That Hassell failed to do so on the facts of this case is not a basis for finding a general right to proceed against municipalities directly under the Fourteenth Amendment. Moreover, even if I were to permit him to proceed directly under the Fourteenth Amendment, he would still be obliged to assert and establish that the City authorized or condoned the unconstitutional conduct complained of, for it would be absurd to hold a plaintiff to a lesser burden of proof for suits directly under the Fourteenth Amendment than for suits brought under § 1983. *Jones v. City of Philadelphia, supra.* Because the proper course is for Hassell to proceed under § 1983, I hold that he may not proceed directly under the Fourteenth Amendment.

### B. *Liability of the Department Commissioners*

The department commissioners move to dismiss Hassell's complaint on the ground that his allegations against them are not sufficient to support liability under § 1983.[3] Hassell does not contend that the commissioners were directly involved in the search of his home, or that they specifically authorized the officers who conducted the search to engage in unlawful conduct. Neither does he contend that the commissioners are directly liable for their subordinates' acts under the doctrine of *respondeat superior.* "Rather, the plaintiff avers the causitive responsibility for his injuries can be established from defendants' subordinates' acts as an implementation of the policies or practices endorsed by the supervisors. Furthermore, the existence of such general policies and practices within an organization created constructive knowledge on the part of the supervisors of the alleged constitutional deprivations." Plaintiff's Answer to Motion to Dismiss, pp. 5–6. In support of his position, Hassell makes reference to various lawsuits charging that Philadelphia police engaged in civil rights violations, and argues that because of them the commissioners had at least constructive knowledge that the police engage in practices which violate civil rights and are therefore responsible for the alleged misconduct in the instant case.

▆ I agree that if a police supervisor has specific, reliable information that certain officers routinely engage in violations of constitutional rights in discharging their duties, the supervisor may be held liable for failing to exercise his authority to prevent the further violation of civil rights by those officers. *Schweiker v. Gordon*, 442 F.Supp. 1134, 1140 (E.D.Pa.1978); *Kedra v. City of*

---

**3.** The department commissioners also move to dismiss on the ground that the applicable statute of limitations for Hassell's action is 42 Pa.Con.Stat.Ann. § 5522(b)(1), which provides that suits against officers of governmental units for actions taken in office must be brought within six months of the date when the action complained of was taken, unless the officer's conduct falls within another specific limitation in that subchapter. Section 5524(1) of the same subchapter places a two year limitation on suits for intentional torts, and a two year limitation on suits for negligence. Al-

though at one point in argument counsel for Hassell represented his position as being that the Philadelphia Code provisions prohibiting nuisances are unconstitutional *per se,* which may perhaps trigger a six-month statute of limitations, such a position is plainly frivolous, and counsel's real position is that the Code is unconstitutional as it is enforced in certain instances. His theory of liability with respect to the department commissioners sounds in tort, and therefore the two year rather than the six month statute of limitations is applicable here.

*Philadelphia, supra,* 454 F.Supp. at 674. However, the fact that the commissioner had knowledge of unlawful conduct by some officers on prior occasions is not a sufficient ground for imposing liability on the police commissioner in every subsequent case where some other police officer violates the Constitution. Hassell's argument implausibly suggests that when prior unrelated accusations of police misconduct have been brought to the commissioner's attention, he must necessarily have adopted a policy condoning misconduct by police officers generally, otherwise misconduct would not have occurred again. I hold as a matter of law that such "constructive" notice about sporadic acts of police misconduct does not give rise to liability on the part of the commissioner for every instance of police misconduct, in the absence of evidence of prior misconduct by the specific officers involved. Such constructive notice or knowledge does not by itself support the allegation that police officials had a policy of encouraging the violation of civil rights.

■ There is even less basis for holding the Fire Commissioner and Commissioner of Licenses and Inspections liable on the basis of Hassell's allegations, inasmuch as they have no responsibility for supervision of the conduct of police officers. Hassell's theory of liability would prohibit these two departments from seeking the assistance of the police in executing warrants simply because of the possibility of police misconduct. Plainly, unless the commissioners have specific information that a violation of civil rights is likely to occur, there is no basis for imposing liability on them for seeking the aid of the police in discharging their duties.

### C. *Liability of Defendants Jadczak and Gallagher*

■ Defendants Jadczak and Gallagher move to dismiss on the ground that as private citizens they were not acting under color of law in their dealings with Hassell, and therefore cannot be liable under § 1983. As a general matter § 1983 does not extend to the actions of private individuals, and there must be action by the state itself or

state officials to bring its provisions to bear. *See Gibbs v. Titelman,* 502 F.2d 1107 (3d Cir. 1974). However, a private individual "acting in concert with public officials" is subject to liability under § 1983. *Jennings v. Shuman,* 567 F.2d 1213, 1220 (3d Cir. 1977). The test for determining whether a private individual acted in concert with state officials is whether the individual was "a willful participant in joint activities with the State," *Adickes v. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970), or whether "the private individual and the public official acted with a common understanding or 'meeting of the minds' to deprive the Plaintiff of his constitutionally protected rights." *Augenti v. Cappellini,* 84 F.R.D. 73, 77 (M.D.Pa.1979).

■ In the instant case, of the numerous allegations which Hassell makes against Jadczak and Gallagher, the only allegations conceivably involving the state are that they filed complaints against Hassell with various government agencies. To impose liability upon defendants under § 1983, Hassell must establish that they were directly involved in the official activities which resulted in the deprivation of his rights. For instance, in *Jennings v. Shuman, supra,* the defendant was a private citizen who conspired with law enforcement officials to bring false criminal charges against a personal enemy. 567 F.2d at 1216. Similarly, in *Augenti v. Cappellini, supra,* the defendants were charged with acting in concert with a police officer in wrongfully detaining a member of a religious cult whom they wished to persuade to renounce his beliefs. 84 F.R.D. at 76. Here, there is no allegation that the private individuals were directly involved in the police search of Hassell's home, or actively sought to have the police violate Hassell's rights. The complaint simply states that they complained to government agencies about conditions at Hassell's property, and under *Jennings* they cannot be held liable for official misconduct which may have ensued pursuant to their complaint unless they were directly involved in, or actively encouraged, such misconduct.

Defendants' motions to dismiss the complaint for failure to state a claim will be granted.