Anthony VERDI

v.

CITY OF PHILADELPHIA, et al.

Civ. A. No. 82–1484.

United States District Court,
E. D. Pennsylvania.

Sept. 3, 1982.

Richard M. Tiger, Philadelphia, Pa., for plaintiff.

Gerald T. Clark, Asst. City Sol., Philadelphia, Pa., for defendant City of Philadelphia.

John W. Walter, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for defendant Liberty Demolition Corp.

## MEMORANDUM

GILES, District Judge.

Plaintiff, Anthony M. Verdi, instituted this suit against defendants City of Philadelphia, ("City") and Liberty Demolition Corporation, ("Liberty"), seeking compensatory and punitive damages for violation of his civil rights under the Civil Rights Acts. 42 U.S.C. § 1983 (1976 & Supp. IV 1980). Verdi alleges that without notice, compensation or due process of law, defendants demolished his parents' house containing his personal property.

Both defendants have moved to dismiss for failure to state a cause of action under section 1983.[1] Jurisdiction is properly asserted under 28 U.S.C. § 1343 (1976). For the reasons which follow, defendants' mo-

---

1. Defendants raise additional arguments such as lack of standing and failure to exhaust state remedies or to establish action under color of state law. In light of my disposition of this case I do not reach these issues.

tion is granted and plaintiff's complaint is dismissed without prejudice and with leave to amend.

The plaintiff alleges that in February, 1980, the City determined that his parents' house at 416 Federal Street, Philadelphia was dangerous and ordered it demolished. No notice of this decision was allegedly delivered to the plaintiff nor to his parents, and no notice was posted on the property. On April 4, 1980, defendant Liberty, at the request of the Department of Licenses and Inspections of the City of Philadelphia, demolished the house. The house allegedly contained valuable personal property belonging to the plaintiff.

 Defendants contend that the complaint is deficient because it does not allege that they acted pursuant to a custom or policy of the City. I agree. In order to state a valid claim against a municipality under section 1983, the plaintiff must allege that a deprivation of his constitutional rights occurred in the execution of a government's policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). In *Monell*, the Supreme Court analyzed the legislative history of the Civil Rights Acts of 1871 and found that "Congress *did* intend municipalities ... to be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690, 98 S.Ct. at 2035 (emphasis in original) (footnote omitted). The Court emphasized, however, that:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when *execution of a government's policy or custom*, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,

inflicts the injury that the government as an entity is responsible under § 1983. *Id.* at 694, 98 S.Ct. at 2037 (emphasis added). *See also Hassell v. City of Philadelphia*, 507 F.Supp. 814, 816 (E.D.Pa.1981).

 Thus, even accepting as true all allegations of the complaint and reasonable inferences that can be drawn from it, *Miree v. DeKalb County*, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 2492 n.2, 53 L.Ed.2d 557 (1977), I find that plaintiff's complaint fails to state a claim as to either defendant.[2] However, "[t]o accomplish the dual objectives of weeding out frivolous cases and keeping federal courts open to legitimate civil rights claims," *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 923 (3d Cir. 1976), I shall dismiss the complaint without prejudice and with leave to amend.[3]

---

**2.** Only when a private party such as Liberty engages in joint activity with a state actor, does it act under color of law so that it may be subject to liability under section § 1983. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Jennings v. Shuman*, 567 F.2d 1213 (3d Cir. 1977).

**3.** Defendant City maintains that because the two-year statute of limitations has now run on

plaintiff's claim, he should not be permitted to amend his pleading. Under Fed.R.Civ.P. 15(c), however, an amendment relates back to the date of the original pleading when it involves the same conduct, transaction or occurrence as the original complaint. Therefore, the amendment would relate back to April 1, 1982, the date of the original pleadings, and would be within the two-year statute of limitations.