Gibraltar Life Insurance Company, Petitioner *v.* Harvey Bartle, III, Insurance Commissioner of The Commonwealth of Pennsylvania, Respondent.

Argued March 12, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG and WILLIAMS, JR. Judge MACPHAIL did not participate.

*Barry J. Goldstein,* with him *Malcolm H. Waldron, Jr.,* for petitioner.

*Paul A. Adams,* Assistant Attorney General, with him *Joseph Kenneth Hegedus, James R. Farley* and *Norman J. Watkins,* Deputy Attorneys General, and *Edward Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 11, 1980:

This is a sequel to, if not indeed a reprise of, *Neff v. Commonwealth of Pennsylvania, Insurance Department,* 42 Pa. Commonwealth Ct. 333, 400 A.2d 920 (1979), where we held that the Insurance Commissioner of Pennsylvania had not erred in refusing the application of Herbert and Lawrence Neff on behalf of Gibraltar Life Insurance Company that Gibraltar's suspension from the transaction of business in Pennsylvania be lifted because the Neffs had failed to effect a plan for rehabilitation of Old Heritage Mutual Insurance Company, also controlled by them, as promised in the Neffs' acquisition statement upon which the Commissioner's approval of their acquisition of Gibraltar had been based.

Our order in the case just cited was made April 30, 1979. The instant action was begun on July 24, 1979 by the filing of Gibraltar's petition for Review in this

court alleging that on May 11, 1979 by letter of its president, Herbert L. Neff, it had asked the Insurance Commissioner to inform Gibraltar of the Department of Insurance's requirements for Gibraltar to be able to resume business and that by letter dated June 5, 1979 the Insurance Commissioner had responded by stating that no consideration could be given to the terms under which Gibraltar might be authorized to resume business. The averment of the Petition for Review concerning the Insurance Commissioner's response is disingenous because the June 5, 1979 letter actually stated that no consideration would be given to the terms under which Gibraltar might be authorized to resume business "until the matters concerning Old Heritage Mutual Insurance Company . . . have been resolved." The issue in our prior case was that of whether Neffs' approved acquisition statement required that Old Heritage be rehabilitated as a condition to the lifting of Gibraltar's suspension. We held that it did and that the Insurance Commissioner had properly refused to lift Gibraltar's suspension for the Neffs' failure to observe this term of the acquisition statement. The correspondence between Gibraltar and the Insurance Commissioner, exchanged less than one month after our final order, is nothing more than a request by Gibraltar that the suspension be lifted or that the Insurance Commissioner provide a statement of conditions upon which the suspension might be lifted and a response by the Insurance Commissioner that Gibraltar would not be permitted to resume business until the matter of Old Heritage's rehabilitation had been resolved, as had been previously ordered and affirmed in *Neff v. Commonwealth of Pennsylvania, Insurance Department, supra.*

The relief sought by Gibraltar in this proceeding is that we vacate the order suspending Gibraltar's authority to transact business, the same subject as that

of our earlier case; and that we enter an order either ourselves setting forth or requiring the Insurance Commissioner to set forth specific requirements and conditions upon which Gibraltar's suspension might be lifted. As to the second prayer for relief, the record shows that the Insurance Commissioner has not failed to state any conditions upon which the order of suspension might be lifted; he has said, as he said before, that he would consider lifting the suspension when Old Heritage had been rehabilitated, as the Neffs, who control both companies, agreed in their acquisition statement.

The respondents have interposed a battery of preliminary objections to the Petition for Review, including one based on the doctrine of *res judicata* and another in the nature of a demurrer. The petitioners have not objected that *res judicata* has been interposed as a preliminary objection rather than as an affirmative defense, and in the interest of judicial economy we will entertain the merits of the defense of *res judicata*. The parties, the thing sued for, the cause of action and the capacity of the parties are the same here as they were in *Neff v. Commonwealth of Pennsylvania, Insurance Department, supra,* and this action in its aspect as a request for us to vacate the order of suspension is barred by *res judicata*.

The Petition for Review does not state a cause of action for our setting forth, or for the Insurance Commissioner's being required to set forth, specific requirements and conditions for Gibraltar's suspension to be lifted. The Insurance Commissioner's letter of June 5, 1979 to Gibraltar states the condition for this action as "the matters concerning Old Heritage Mutual Insurance Company"—a subject extensively explored in the case which had just ended in this court.

We are aware that after the filing of the Petition for Review in this case, we granted the Insurance

Commissioner's application to liquidate Old Heritage, *Sheppard v. Old Heritage Mutual Insurance Company,* 45 Pa. Commonwealth Ct. 428, 405 A.2d 1325 (1979), and that it may not *now* be possible to rehabilitate Old Heritage. This circumstance and any others the petitioner believes should impel the insurance authorities to lift Gibraltar's suspension could be the subject of an application for authorization of Gibraltar to resume business addressed to the Insurance Department pursuant to 1 Pa. Code §35.1 or a complaint pursuant to 1 Pa. Code §35.9.

The respondents' preliminary objections raising the defense of *res judicata* and in the nature of a demurrer are sustained; and the Petition for Review is dismissed.

### ORDER

AND Now, this 11th day of April, 1980, the respondents' preliminary objections raising the defense of *res judicata* and in the nature of a demurrer are sustained; and the Petition for Review is dismissed.