A. Rab **CHOWDHURY**, M.D.

v.

The **READING HOSPITAL AND MEDICAL CENTER.**

Civ. A. No. 81–1762.

United States District Court, E. D. Pennsylvania.

Aug. 11, 1981.

Malcolm H. Waldron, Jr., Philadelphia, Pa., for plaintiff.

David H. Roland, Reading, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, proscribes racial discrimination in any federally funded program. *Regents of the University of California v. Bakke*, 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978). Specifically, this statute provides that

[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to

---

discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. Plaintiff, a gastroenterologist, asserts that defendant, which receives federal financial assistance, denied him courtesy staff privileges on the basis of his race and seeks an injunction ordering defendant to do so. Defendant, moving to dismiss, contends that plaintiff failed to exhaust administrative remedies. Plaintiff responds that the Act does not provide him with any administrative remedy, and if it does, injunctive relief cannot be obtained therein.

 The enforcement policies implicit in Title VI require that plaintiff exhaust administrative remedies prior to instituting suit, *Santiago v. City of Philadelphia*, 435 F.Supp. 136 (E.D.Pa.1977), in order to

> resolv[e] disputes without the antipathies spawned by litigation and of affording the prospective defendant an opportunity to comply with the law voluntarily or to explain and justify his conduct prior to the expense and publicity of litigation. . . . [H]olding plaintiff to this requirement is not mechanical or unthinking allegiance to legal hypertechnicalities; instead it is recognizing a basic element of the administrative remedy, furnishing notice to an alleged . . . offender and . . . providing an opportunity to conciliate.

*Martin v. Easton Publishing Co.*, 478 F.Supp. 796 (E.D.Pa.1979). *See also* 45 C.F.R. § 80.7 through 80.10 (administrative procedure). Section 602 of Title VI, 42 U.S.C. § 2000d–1, authorizes three types of actions to secure compliance, one of which, voluntary means, can include the relief which plaintiff seeks. *See Caulfield v. Board of Education of New York City*, 583 F.2d 605 (2d Cir. 1978). Plaintiff's failure to seek administrative redress of his Title VI claims requires dismissal of the present complaint. *See, for example, NAACP v. Wilmington Medical Center*, 426 F.Supp.

919 (D.Del.1977), *Johnson v. County of Chester*, 413 F.Supp. 1299 (E.D.Pa.1976). If the parties cannot amicably resolve their differences and other administrative remedies prove ineffective, plaintiff may return to the courts for relief. Accordingly, defendant's motion to dismiss will be granted.