David L. LONG, et al.

v.

Jean E. KISTLER, et al.

Civ. A. No. 81–1592.

United States District Court,
E. D. Pennsylvania.

Sept. 28, 1981.

Raymond C. Schlegel, Karen Turner, Reading, Pa., for plaintiffs.

Charles Potash, Norristown, Pa., for Upper Perkiomen School Dist.

Gerald P. Sigal, Reading, Pa., for County of Berks Assessment Bd.

Michael D. Marino, Norristown, Pa., for Montgomery County Bd. of Appeal.

Mary Kay Kisthardt, Harrisburg, Pa., for State Tax Equalization Bd.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Relevant portions of the Pennsylvania Public School Code of 1949 applicable to school districts lying within more than one county direct school districts to levy taxes on real property based upon the market values thereof furnished by the Board of Assessment Appeals, which makes those computations based upon assessed values and a ratio determined by the State Tax Equalization Board (STEB).[1] Plaintiffs, whose real property in Hereford Township, Berks County, lies within the Upper Perkiomen School District, complain that this means of determining the market and assessed values of their properties for real estate tax purposes results in higher values upon their properties than those assigned to similar properties in the Montgomery County portion of the school district and, hence, they pay substantially more school taxes. This lack of uniformity, argue plaintiffs, violates the Due Process and Equal Protection Clauses of the federal and state constitutions and apparently the Civil Rights Act of 1871, 42 U.S.C. § 1983 as well.[2] Each defendant has moved to dismiss the complaint on the grounds that the Tax Injunction Act of 1937[3] deprives the Court of jurisdiction and bars consideration of plaintiffs' claim.

To prevent taxpayers from using federal courts to question the validity of state taxes,[4] Congress enacted the Tax Injunction Act, which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State". This statute strictly limits federal jurisdiction by withholding from federal courts the power to decide otherwise permissibly justiciable claims[5] and implicates the doctrines of equitable restraint, comity and abstention[6] as well as the strong federal policy against interference with enforcement of state tax laws.[7] The operation of this statute cannot be voided by including a claim under Section 1983[8] or a federal constitutional violation,[9] by requesting declaratory rather than injunctive relief,[10] or by attacking the ad-

1. See 24 P.S. § 6–672.1.

2. Plaintiffs did not specify in the complaint under which civil rights act they intended to proceed; the parties appear to agree that plaintiffs meant the Civil Rights Act of 1871. Cf. Rotolo v. Borough of Charleroi, 532 F.2d 920 (3d Cir. 1976) (plaintiff's failure to identify jurisdictional statute deprived court of jurisdiction).

3. 28 U.S.C. § 1341.

4. Wells v. Malloy, 510 F.2d 74 (2d Cir. 1975).

5. Robinson Protective Alarm Co. v. City of Philadelphia, 581 F.2d 371 (3d Cir. 1978).

6. Tully v. Griffin, 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976), First United Methodist Church of Syracuse v. City of Syracuse, 489 F.Supp. 185 (N.D.N.Y.1980).

7. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943).

8. Miller v. Bauer, 517 F.2d 27 (7th Cir. 1975), Bland v. McHann, 463 F.2d 21 (5th Cir. 1972), cert. denied, 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973).

9. Hickmann v. Wujick, 488 F.2d 875 (2d Cir. 1973), Gray v. Morgan, 371 F.2d 172 (7th Cir. 1966), cert. denied, 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967).

10. Gray v. Morgan, supra, Czajkowski v. Illinois, 460 F.Supp. 1265 (N.D.Ill.1977), aff'd, 588 F.2d 839 (7th Cir. 1978).

ministration or implementation of the scheme rather than the tax itself.[11]

■ Plaintiffs claim that no "plain, speedy and efficient" remedy exists under Pennsylvania law, a contention flatly rejected in *Garrett v. Bamford*.[12] A dissatisfied taxpayer must file an appeal with the Board of Assessment Appeals. An adverse decision by the Board may be appealed to the Court of Common Pleas, which exercises *de novo* review. That court must give priority to assessment appeals and must determine the uniform ratio utilized in the taxing district. The court must order the application of the uniform ratio to the properties in question and make any necessary changes in the assessment.[13] Thereafter, appeals may be pressed in the state appellate courts and ultimately to the Supreme Court of the United States.[14] The location of the school district within more than one county does not negate the remedy.[15] The remedy must be "plain, speedy and efficient"; it need not be the best or most convenient one.[16] Adequacy is the key element.[17] Plaintiffs have not even attempted to exhaust available state remedies.[18] A federal court may not adjudicate a challenge to a state tax law where an adequate state remedy exists.[19] Finally, plaintiffs' claims actually attack the constitutionality of the relevant Pennsylvania Public School Code provision,[20] a matter which the state court can decide.

■ Additionally, to recover under the Civil Rights Act of 1871, plaintiffs must allege that defendants acted under color of state law to deprive them of rights guaranteed by the Constitution.[21] A municipality may be liable if plaintiffs allege that the challenged action "implements or executes a policy statement, ordinance, regulation or decision adopted and promulgated by that body's officers".[22] Plaintiffs must identify this conduct specifically.[23] An allegation that defendants acted in furtherance of their duty to enforce a state law or city ordinance at the time of the alleged constitutional violation establishes only that they

11. *Czajkowski v. Illinois, supra, Kimmey v. H. A. Berkheimer, Inc.,* 376 F.Supp. 49 (E.D.Pa. 1974), *aff'd,* 511 F.2d 1394 (3d Cir. 1975).

12. 582 F.2d 810 (3d Cir. 1978).

13. 72 P.S. § 5350.

14. *See* 28 U.S.C. § 1257.

15. *See, for example, Harry M. Pollock, Inc. Appeal,* 63 D. & C.2d 1 (C. P. Armstrong Co. 1973).

16. *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981), *Bland v. McHann, supra.*

17. *Spector Motor Service, Inc. v. O'Connor,* 340 U.S. 602, 71 S.Ct. 508, 95 L.Ed. 573 (1951).

18. *See Bland v. McHann, supra* (exhaustion required notwithstanding a Section 1983 claim) and *Mr. Boston Distiller Co. v. Pallott,* 342 F.Supp. 770 (N.D.Fla.), *aff'd,* 469 F.2d 337 (5th Cir. 1972), *cert. denied,* 411 U.S. 967, 93 S.Ct. 2150, 36 L.Ed.2d 688 (1973) (requiring exhaustion).
  *Cf. Chowdhury v. Reading Hospital & Medical Center,* 520 F.Supp. 134 (E.D.Pa.1981) (requiring exhaustion in Title VI action), *Wolf v. National Shopmen Pension Fund,* 512 F.Supp. 1182 (E.D.Pa.1981) (requiring exhaustion in

pension benefits dispute), *Hauck v. Xerox Corp.,* 493 F.Supp. 1340 (E.D.Pa.1980), *aff'd,* 649 F.2d 859 (3d Cir. 1981) (requiring exhaustion in Title VII action), *Mikkilineni v. United Engineers & Constructors, Inc.,* 485 F.Supp. 1292 (E.D.Pa.1980) (requiring exhaustion in action instituted under Railroad Revitalization and Regulatory Reform Act), and *Dezura v. Firestone Tire & Rubber Co.,* 470 F.Supp. 121 (E.D.Pa.1979), *aff'd,* 612 F.2d 571 (3d Cir. 1980) (requiring exhaustion in labor dispute).

19. *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974), *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

20. *See* n. 1, *supra.*

21. *Pinckney v. County of Northampton,* 512 F.Supp. 989 (E.D.Pa.1981), *Arment v. Commonwealth National Bank,* 505 F.Supp. 911 (E.D.Pa.1981).

22. *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978).

23. *Skrocki v. Caltabiano,* 505 F.Supp. 916 (E.D. Pa.1981), *Boddorff v. Publicker Industries, Inc.,* 488 F.Supp. 1107 (E.D.Pa.1980).

acted under color of state law.[24] In the case at bar, plaintiffs allege that the school district has the power to levy taxes on real property and that state law requires the school district to apply the market value and ratios certified by the STEB. The school district did not, and does not, determine the assessed values of the properties. The county board of assessment appeals initially assesses the real property values, albeit without regard to assessments or methods thereof employed by other counties. Pennsylvania law requires that the boards certify the assessments to the STEB, which must certify the market value of real estate in each government unit and determine and certify the ratio of assessed value to market value. School districts simply apply the market values and ratios certified by the STEB.

Likewise, plaintiffs cannot predicate a direct cause of action upon the Fourteenth Amendment.[25] The claims against defendant Boyer, sued individually and not in his official capacity, will be dismissed. Plaintiffs have not averred that he committed any wrongful acts or misused his position or power as tax collector[26] or that he acted in bad faith.[27] Finally, plaintiffs' pendent claims also will not be reached. Pendent jurisdiction need not be exercised in every situation; the doctrine is discretionary and plaintiffs may claim no right thereto.[28] Accordingly, the defendants' motions to dismiss will be granted. Plaintiffs' motion for class certification will be denied as moot.

---

**24.** *Hassel v. City of Philadelphia*, 507 F.Supp. 814 (E.D.Pa.1981).

**25.** *Hassel v. City of Philadelphia, supra, Jones v. City of Philadelphia*, 481 F.Supp. 1053 (E.D. Pa.1979), *Baffa v. Black*, 481 F.Supp. 1083 (E.D.Pa.1979), *Kedra v. City of Philadelphia*, 454 F.Supp. 652 (E.D.Pa.1978).

**26.** *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).

**27.** *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). *Cf. Onley v. Simms*, 476 F.Supp. 974 (E.D.Pa.1979) (allegation of simple negligence).

**28.** *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See also Haefner v. County of Lancaster*, 520 F.Supp. 131 (E.D.Pa.1981) and *Wire Mesh Products, Inc. v. Wire Belting Association*, 520 F.Supp. 1004 (E.D.Pa.1981).