David L. Long, Roger F. Fosbenner, John D. Young, Individually and as Representative of a Class, Petitioners *v.* Jean E. Kistler, Chairman, State Tax Equalization Board, Upper Perkiomen School District, Respondents.

Argued December 13, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

Raymond C. Schlegel, with him Karen Lee Turner, Mogel, Speidel & Roland, for petitioners.

Harris F. Goldich, with him Charles Potash, Wisler, Pearlstine, Talone, Craig & Garrity, for respondent, Upper Perkiomen School District.

OPINION BY JUDGE MACPHAIL, March 14, 1983:

David L. Long, Roger F. Fosbenner and John D. Young (Petitioners) have filed a Petition for Review in the nature of an action in equity for themselves and as representatives of a class of taxpayers in the Upper Perkiomen School District (School District) who reside in Hereford Township, Berks County. Petitioners contend that the tax levy on their properties was not uniform with the tax placed on the property of other residents of the School District, all of whom reside in Montgomery County. Also joined as a respondent in this action is the State Tax Equalization Board (STEB) which, pursuant to Section 672.1 of the Public School Code of 1949 (School Code)[1] has determined the ratio of assessed value to market value in the various municipalities for use in equalizing tax levies by the School District. Petitioners contend that STEB's determination of this ratio was without a rational basis and has resulted in the assessment of a greater proportion of the School District's property taxes upon Petitioners and their class than

---

[1] Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §6-672.2.

is their proper share. Petitioners contend that they have no statutory remedy to correct this illegal action by Respondents School District and STEB and they seek an injunction and a rebate of excess taxes billed to them.

The School District has raised à series of preliminary objections which are: 1) Petitioners have available to them the statutory remedy of the Third Class County Assessment Law (Assessment Law);[2] 2) Petitioners have failed to allege facts sufficient to sustain a claim under the Federal Civil Rights Act[3] against the School District; 3) Petitioners' claims are barred by res judicata or collateral estoppel; 4) Petitioners' suit should be dismissed as not being within this Court's original jurisdiction.

So as to more clearly understand the claims and objections in this case, we shall initially undertake a general examination of the system of school taxation under the School Code and Assessment Law. Under the School Code, property taxes are levied upon the assessed valuation of property in the district as determined by the county assessment.[4] In the case of Upper Perkiomen School District, the assessment for Hereford Township would be performed by the Berks County Board of Assessment, whereas the assessment in the rest of the School District is performed by the Montgomery County Board of Assessment. With assessments for the School District being performed by two different bodies, it is of course quite possible even probable that the ratio of assessed value to market value in the two portions of the School District

---

[2] Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §§5342-5350.

[3] 42 U.S.C. §1983.

[4] *See* Sections 672, 674-677 of the School Code, 24 P.S. §§6-672, -674 to 677.

would differ.[5] In other words, property with a fair market value of $50,000 may be assessed at $10,000 in one county to a multi-county school district, while the assessed value could be $20,000 in the other county. With real property taxes levied by a multi-county school district being based on assessed valuation, it is obvious that persons in one county in the school district could be required to pay more than persons in the second county for property of equal market value. So as to avoid such an unconstitutional tax,[6] the Legislature enacted Section 672.2 of the School Code. Under that section, a multi-county school district is required to adjust its tax levy to reflect the actual market value of the properties within the district. In determining this market value, the school district is required to apply the market valuations as deter-

___

[5] It is a matter of common knowledge that in nearly every township, county and city in Pennsylvania, property is assessed for tax purposes lower than its market value. The assessed value of taxable property for tax purposes usually varies between 15 and 70 per cent of its actual market value.
*Breslow v. Baldwin Township School District*, 408 Pa. 121, 182 A.2d 501, 504 (1962).

[6] "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax." Pa. Const. art. VIII, §1. *See Deitch Co. v. Board of Property Assessment*, 417 Pa. 213, 223, 209 A.2d 397, 402 (1963) :

In determining, however, whether the constitutional requirement with respect to uniformity has been complied with in a taxing district, all properties are comparable in constructing the appropriate ratio of assessed value to market value. This is because the uniformity requirement of the Constitution of Pennsylvania has been construed to require that all real estate is a class which is entitled to uniform treatment. Buhl Foundation v. Board of Property Assessment, [407 Pa. 567, 108 A.2d 900] ; Delaware L. & W. R.R. Tax Assessment (No. 1), 224 Pa. 240, 73 A. 429 (1909).

mined by the STEB. Thus, if the STEB determines that the assessed value to fair market value ratio in one county of a school district is 20%, and the ratio in the other county is 40%, then the school district would adjust its taxation of assessed value to correct this disparity.[7]

The problem with this equalization method, and the crux of Petitioners' complaint as we read it, is that STEB makes its own independent determination of the proper ratio of assessed value to fair market value in each municipality and, Petitioners allege, this determination is arbitrary, ignores certain relevant sales and in particular results in an improper determination of the ratio in Hereford Township. The primary question for us to resolve, taking as true all well pleaded facts and inferences, fairly deducible therefrom,[8] is whether the STEB's ratio can be challenged before the Berks County Board of Assessment Appeals. If there is an adequate statutory remedy, then equity would have no jurisdiction in this case. *See Cedarbrook Realty, Inc. v. Nahill,* 484 Pa. 441, 399 A.2d 374 (1979). However, where due process is at stake and there is no adequate statutory remedy, then equity would have jurisdiction to intervene. *Department of Public Welfare v. Eisenberg* (No. 81-2-270, filed November 29, 1982) (FLAHERTY, J., concurring).

---

[7] Under Section 672.1 the School District is given several optional methods of using STEB's municipality ratio to equalize the tax burdens. For example, the School District could tax market value of all properties, determined by dividing the county's assessed value of a property by the STEB's ratio for the municipality. Thus, a $10,000 assessed value property in a municipality which has an STEB ratio of 20% would have a market value for tax purposes of $50,000.

[8] *Burgerhoff v. Pennsylvania State Police,* 49 Pa. Commonwealth Ct. 49, 51, 410 A.2d 395, 396 (1980).

After a thorough consideration of the relevant statutes in this case, we are of the opinion that Petitioners do not have an adequate statutory remedy and therefore equity is proper. Under Sections 8 and 9 of the Assessment Law, 72 P.S. §§5349-5350, a taxpayer[9] may challenge his assessment on the grounds that the ratio of assessed value to actual value used in the taxing district was not properly applied to his property. In the present case, however, Petitioners do not allege that their property is assessed at a different ratio from that generally used in the rest of Berks County. Rather, they contend that the actual ratio is higher than that found by the STEB to be the operative ratio. Since their challenge is to STEB's determination, an appeal under the Assessment Law would be ineffective.[10] Likewise, Petitioners seek relief before STEB since the implementing statute for STEB provides only for school districts to have standing to complain before it regarding STEB calculations. *See* Section 13 of the Act of June 27, 1947, P.L. 1046, *as amended,* 72 P.S. §4656.13.[11]

---

[9] Or class of taxpayers.

[10] While it is true that Petitioners could present the figures used in setting STEB's ratio to the Board of Assessment Appeals in an attempt to have their assessed value reduced, *see In re: Appeal of the Township of South Whitehall,* 496 Pa. 152, 436 A.2d 589 (1981), the Board would not be bound by STEB's methodology and could apply a higher assessment ratio in determining a property's assessed value. The assessed value would then still be subject to STEB's ratio for school tax purposes under Section 672.1.

The only prior case which mentions Sections 672.1 of the School Code in reference to school tax matters, *Harry M. Pollack Co., Inc. Appeal,* 63 D. & C.2d 1 (1973) does not appear to have involved a challenge to the correctness of the STEB ratio.

[11] Act 1982-267, which took effect January 1, 1983, has amended the Act of June 27, 1947, to provide standing for taxpayers aggrieved by STEB calculations and to provide for a de novo appeal of STEB determinations to Commonwealth Court.

We recognize that the present challenge was raised by Petitioners against these same Respondents in a recent federal case. *Long v. Kistler*, 524 F. Supp. 225 (E.D. Pa. 1981). The federal district court therein determined that Petitioners did have an adequate remedy before the Board of Assessment Appeals in the context of the federal Tax Injunction Act of 1937, 28 U.S.C. §1341. To the extent that Court found against Petitioners on their federal claims, the decision must be viewed as res judicata upon this Court.[12] However, that Court's legal interpretation of the adequacy of Petitioner's statutory remedy under state law is in no way binding upon this Court, *Rader v. Pennsylvania Turnpike Commission*, 407 Pa. 609, 182 A.2d 199 (1962), and since Petitioners' state constitutional claims[13] were not reached by the federal court, *Long v. Kistler*, 524 F. Supp. at 228, then Petitioners are not precluded by res judicata from raising those claims.

Regarding the School District's objection to this Court's subject matter jurisdiction to hear this case, our previous examination of the nature of Petitioners' complaint makes it clear that Petitioners seek to attack the STEB's calculations used by the School District to levy taxes. Since it is STEB's actions which

---

[12] The Petitioners have not objected that res judicata has been raised by way of preliminary objection rather than as an affirmative defense. In the interest of judicial economy we will therefore decide this issue. *See Gibralter Life Insurance Co. v. Bartle*, 50 Pa. Commonwealth Ct. 456, 413 A.2d 32 (1980). *But see Sherrod v. Patton*, 70 Commonwealth Ct. 399, 453 A.2d 369 (1982).

In light of our disposition on the matter of res judicata, it is unnecessary for us to rule on the School District's second preliminary objection.

[13] For due process, equal protection and uniformity of tax burdens.

are the subject of this action, this Court has statutory jurisdiction of the complaint under Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1). The complaint against the School District, for assessing unequal taxes as a result of using STEB's ratio, is clearly ancillary to the action against STEB and thus properly may be presented to this Court. 42 Pa. C. S. §761(d).

Finally, in regard to the School District's contention that laches bars this complaint, the only allegations made by the School District in this regard are that the Petition, on its face, relates to 1980 tax year assessments and that the instant action was commenced in March of 1982. Laches requires a showing of both delay and prejudice to the defendant. *Martin v. Adams County Vocational Technical School Authority*, 11 Pa. Commonwealth Ct. 292, 295, 313 A.2d 785, 786-87 (1973). While laches may be raised by preliminary objections, Pa. R.C.P. 1509(b), the factual nature of the defense generally requires a hearing and the objection is sustained where the issue is free from doubt. *Township of Upper Moreland v. Department of Transportation*, 48 Pa. Commonwealth Ct. 27, 34, 409 A.2d 118, 122 (1979). In view of the sparse pleadings on this matter and especially in light of the fact that the School District was aware of Petitioners' contentions since early 1981 as a result of the federal lawsuit, we are unable to conclude that laches is a bar to the instant action.

ORDER

The preliminary objection of the Upper Perkiomen School District in the nature of a demurrer raising res judicata is sustained as to Counts 1, 2 and 3 of the Petitioners' complaint. All other preliminary objections are overruled.

556

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. In my view the Third Class County Assessment Law, Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §§5342-5350 supplies a wholly adequate statutory remedy for these taxpayers' complaint that their properties have not been uniformly assessed by the Board of Assessments of Berks County. Indeed in *Long v. Kistler,* 524 F. Supp. 225 (1981), these plaintiffs brought this same cause to the federal court and their complaint was dismissed as barred by the Tax Injunction Act, 28 U.S.C.A. §1341 because in the judgment of that court the Third Class County Assessment Law afforded the plaintiffs a "plain, speedy and efficient" remedy for their complaint that their properties were not assessed uniformly with other properties in their school taxing district. A panel of the Third Circuit Court of Appeals which upheld the dismissal by a district court of the suit of other Berks County taxpayers questioning their assessments exhaustively reviewed the provisions of the Third Class County Assessment Law and recited in support of the court's holding that the Law afforded a "plain, speedy and efficient remedy" for a claim of nonuniform assessment: that appeals to the board might be taken singly or by class action; that priority is given to assessment appeals taken to common pleas; that the right to *de novo* court review is allowed; and that the common pleas is directed to determine the uniform ratio used in the district, to order the application of that rate to the market value of the appellants' properties and to make changes in the assessment "as may be right and proper." *Garrett v. Bamford,* 582 F.2d 810 (1978).

Nor does the Pennsylvania case law support the decision of the majority that equity has jurisdiction to

decide these claims of mere unequal assessments. A court sitting in equity has jurisdiction to decide a broad constitutional challenge to the validity of taxing statutes, including assessment statutes. It has no jurisdiction to decide the claims of improper assessments of individual properties. *Borough of Green Tree v. Board of Property Assessment,* 459 Pa. 268, 328 A.2d 819 (1974); *Rochester & Pittsburgh Coal Company v. Indiana County Board of Assessment & Revision,* 438 Pa. 506, 266 A.2d 78 (1970); *Lynch v. Owen J. Roberts School District,* 430 Pa. 461, 244 A.2d 1 (1968).

I do not agree that the Berks County Assessment Board and the Court of Common Pleas of Berks County are at a disadvantage to review the procedures and conclusions of the State Tax Equalization Board. Indeed, Boards of Assessment are required to "accomplish equalization with other properties within the taxing district." Section 1 of the Third Class County Assessment Law, 72 P.S. §5344. On appeal, the court of common pleas is required to "determine from the evidence submitted at the hearing, what ratio of assessed value to actual value was used generally in the taxing district, and . . . direct the application of the ratio so found to the value of the property which is the subject matter of the appeal, and such shall be the assessment." Section 9 of the Third Class Assessment Law, 72 P.S. §5350.

Finally, it seems to the writer that this litigation can be more efficiently and conveniently disposed of before the Berks County Assessment Board and on appeal by the common pleas court of that county. The board has expertise and is in possession of the records of assessments in the taxing district and the common pleas court has knowledge of local conditions not possessed by this essentially appellate court.