IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Green,                              :
              Petitioner           :
                                          :
                                          :   No.  349 M.D. 2020
           v.                          :
                                          :   Submitted:  November 13, 2020
Pennsylvania State Police,               :
              Respondent          :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE J. ANDREW CROMPTON, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED:  August 6, 2021


Before the Court are the preliminary objections of the Pennsylvania State Police (PSP) to a Petition for Review (Petition) filed by Mark Green, ostensibly in our original jurisdiction.  Green seeks an order from this Court directing PSP to return property to him that he asserts to have been unlawfully seized.  PSP's preliminary objections challenge, *inter alia*, this Court's subject matter jurisdiction to afford Green the relief he seeks, such jurisdiction being vested in the Court of Common Pleas of Philadelphia County.  We agree with PSP, and thus sustain its preliminary objection to this Court's subject matter jurisdiction and transfer the matter to the appropriate court.

In the Petition, Green avers that, on February 5, 2019, PSP Trooper Bijah Rastegarpanah went to Green's residence on Renovo Street in Philadelphia, knocked on Green's door, and, receiving no answer, had four of Green's automobiles towed.

(Petition ¶5.) The vehicles were a 2017 GMC Sierra, a 2019 Cadillac CTS, a 2007 Mercedes Benz S550, and a 2017 Chevrolet Suburban, all of which, Green asserts, were lawfully parked on Renovo Street or private driveways. *Id.* ¶6. Green contends that the vehicles were seized without a search warrant, that he is their lawful owner, and that they are not the proceeds of an illegal activity. *Id.* ¶¶8, 10, 11. Thus, Green requests an order directing PSP to return his property.

In its preliminary objections, PSP first challenges this Court's subject matter jurisdiction. *See* Pa.R.C.P. No. 1028(a)(1) (grounds for preliminary objection include "lack of jurisdiction over the subject matter of the action"). PSP notes that Green purported to file his Petition under section 761(c) of the Judicial Code, which provides for this Court's *ancillary* jurisdiction. 42 Pa.C.S. §761(c). Ancillary jurisdiction, PSP observes, may only be asserted over claims or matters that are "related to a claim or other matter otherwise within [this Court's] exclusive original jurisdiction." *Id.* Because this Court does not have exclusive original jurisdiction over Green's claim, PSP asserts that we necessarily lack ancillary jurisdiction as well. PSP contends that the correct means for obtaining the relief that Green seeks is to file a motion for return of property pursuant to Rule 588 of the Pennsylvania Rules of Criminal Procedure[1] and section 5806 of the Judicial Code.[2] Pa.R.Crim.P. 588; 42 Pa.C.S. §5806. Because both the rule and the statute provide that motions for return of

---

[1] Rule 588 provides, in relevant part, that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized." Pa.R.Crim.P. 588(A).

[2] Section 5806 provides, in relevant part, that "[a] person aggrieved by a search and seizure may move for the return of the property seized by filing a motion in the court of common pleas in the judicial district where the property is located." 42 Pa.C.S. §5806(a)(1).

property are to be filed in the court of common pleas for the judicial district in which the property was seized, PSP contends that jurisdiction over this matter is vested in the Court of Common Pleas of Philadelphia County. (Preliminary Objections ¶¶8-10; PSP's Br. at 5-6.)[3]

In response, Green contends that he is unable to file a motion for return of property under Pa.R.Crim.P. 588 because that rule "encompasses property that has been seized legally and through lawful authority[,] *i.e.*, through a warrant of some sort issued by a judicial officer," and that such motions must relate to "some criminal action such as an arrest" or a "criminal proceeding." (Green's Br., unpaginated.) Green asserts that he has not been arrested or charged with a crime related to the vehicles in question. Although PSP refers to a pending federal investigation, and Green acknowledges such, Green states that there is no connection between the federal investigation and the seized vehicles. Green contends that he has properly filed his action against PSP, because it was a PSP trooper who seized the vehicles, and the vehicles are in PSP's possession. Green asserts that the seizure of the vehicles violated

---

[3] In its second preliminary objection, PSP contends that Green failed to join an indispensable party. *See* Pa.R.C.P. No. 1028(a)(5) (grounds for preliminary objection include "nonjoinder of a necessary party"). The indispensable party, PSP contends, is the Commonwealth. (Preliminary Objections ¶¶13-16; PSP's Br. at 6-7.) In light of our disposition, we need not address PSP's second preliminary objection. We note, however, that section 5806(a)(2) indeed provides that the filer of a motion for return of property "must serve the Commonwealth." 42 Pa.C.S. §5806(a)(2).

his constitutional rights under the Fourth[4] and Fourteenth[5] Amendments to the United States Constitution.  With regard to subject matter jurisdiction, Green refers to this Court's ancillary jurisdiction, citing *Long v. Kistler*, 457 A.2d 591, 594 (Pa. Cmwlth. 1983), and *Reider v. Bureau of Correction*, 502 A.2d 272, 274 (Pa. Cmwlth. 1985).

"In reviewing preliminary objections, all material facts averred in the [petition for review], and all reasonable inferences that can be drawn from them, are admitted as true." *Seitel Data, Ltd. v. Center Township*, 92 A.3d 851, 859 (Pa. Cmwlth. 2014) (citing *Vattimo v. Lower Bucks Hospital, Inc.*, 465 A.2d 1231, 1232 (Pa. 1983); *Fletcher v. Pennsylvania Property & Casualty Insurance Guaranty Association*, 914 A.2d 477, 479 n.2 (Pa. Cmwlth. 2007), *aff'd*, 985 A.2d 678 (Pa. 2009)).  We need not, however, accept "conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion."  *Id.* (citing *Portalatin v. Department of Corrections*, 979 A.2d 944, 947 (Pa. Cmwlth. 2009)).  "Preliminary objections should be sustained only in cases that are clear and free from doubt."  *Id.* (quoting *Pennsylvania AFL–CIO v. Commonwealth*, 757 A.2d 917, 920 (Pa. 2000)).

Under Pa.R.C.P. No. 1028(a)(1), challenges to a court's subject matter jurisdiction may be raised by preliminary objection.  When a preliminary objection raises a question of subject matter jurisdiction, "'[t]he trial court's function is to

---

[4] The Fourth Amendment provides:
> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

[5] The Fourteenth Amendment provides, in relevant part:  "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."  U.S. CONST. amend. XIV, §1.

4

determine whether the law will bar recovery due to a lack of subject matter jurisdiction.'" *Community College of Philadelphia v. Faculty and Staff Federation of Community College of Philadelphia, Local 2026, AFT, AFL-CIO*, 205 A.3d 425, 430 n.5 (Pa. Cmwlth. 2019) (quoting *Mazur v. Trinity Area School District*, 926 A.2d 1260, 1265 n.5 (Pa. Cmwlth. 2007), *aff'd*, 961 A.2d 96 (Pa. 2008)). Here, the question of subject matter jurisdiction turns upon the language of the applicable statute and rule. "We approach the issue of subject matter jurisdiction by looking to the laws of the Commonwealth. Therefore, this question involves a matter of statutory construction." *In re Administrative Order No. 1-MD-2003*, 936 A.2d 1, 6 (Pa. 2007); *see also In re Petition for Enforcement of Subpoenas Issued by the Hearing Examiner in a Proceeding Before the Board of Medicine*, 214 A.3d 660, 666 (Pa. 2019) ("Whether subject matter jurisdiction lies in the Commonwealth Court is a question of statutory interpretation . . . .").

As in all matters of statutory interpretation, the object is "to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. §1921(a). "The best indication of legislative intent is the plain language of the statute." *Crown Castle NG East LLC v. Pennsylvania Public Utility Commission*, 234 A.3d 665, 674 (Pa. 2020) (citing *Matter of Private Sale of Property by Millcreek Township School District*, 185 A.3d 282, 290-91 (Pa. 2018)). "Only if the statute is ambiguous, and not explicit, do we resort to other means of discerning legislative intent." *Id.* (quoting *Millcreek Township*, 185 A.3d at 291).

At the outset, as PSP emphasizes, Green sought to invoke this Court's original jurisdiction under 42 Pa.C.S. §761(c), which refers to this Court's ancillary jurisdiction. The cases that Green cites in his brief are simply decisions in which this Court has exercised ancillary jurisdiction. Neither statute nor precedent, however,

supports Green's position that his Petition may proceed solely on the basis of section 761(c). That section provides:

> (c) Ancillary matters.--The Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court. *To the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction*.

42 Pa.C.S. §761(c) (emphasis added).

The first sentence of section 761(c) is plainly inapplicable, as there is no basis upon which to invoke our *appellate* jurisdiction, and thus, no request for "relief [that is] ancillary to matters within [this Court's] appellate jurisdiction." *Id.* The second sentence of section 761(c) does not apply either, because it provides this Court with ancillary jurisdiction only over claims or matters that are "related to a claim or other matter otherwise within [this Court's] exclusive original jurisdiction." *Id.* Contrary to Green's suggestion, section 761(c) does not provide an independent, stand-alone basis for exercise of this Court's original jurisdiction. Rather, ancillary jurisdiction over a claim is predicated upon the claim's relation to another that is already properly within this Court's jurisdiction. Because Green does not advance any such claim in our original jurisdiction, ancillary jurisdiction under section 761(c) is unavailable.

Even overlooking Green's misplaced reliance upon section 761(c), the governing statute and rule make clear that subject matter jurisdiction over this class of

claims is vested in the courts of common pleas. Regardless of how Green styled his Petition, or against whom he has sought to proceed, it is indisputable that Green is aggrieved by a search or seizure of his property, and that he seeks a court order directing its return. Section 5806(a)(1) of the Judicial Code unmistakably provides that "[a] person aggrieved by a search and seizure may move for the return of the property seized by *filing a motion in the court of common pleas in the judicial district where the property is located*." 42 Pa.C.S. §5806(a)(1) (emphasis added).

Section 5806 is a relatively recent addition to the Judicial Code, part of the General Assembly's overhaul of the statutory scheme relating to asset forfeiture through the addition of Chapter 58 of the Judicial Code, via the Act of June 29, 2017, P.L. 247, No. 13 (Act 13). Prior to Act 13, motions for return of property were governed solely by Pa.R.Crim.P. 588. Rule 588 also speaks to jurisdiction—an exercise of our Supreme Court's power to assign classes of actions by general rule. *See* PA. CONST. art. V, §10(c) ("The Supreme Court shall have the power . . . to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require . . . ."); 42 Pa.C.S. §503(a) ("The Supreme Court may by general rule provide for the assignment and reassignment of classes of matters among the several courts of this Commonwealth and the magisterial district judges as the needs of justice shall require and all laws shall be suspended to the extent that they are inconsistent with such general rules."); *see also Mohamed v. Department of Transportation, Bureau of Motor Vehicles*, 40 A.3d 1186, 1196 (Pa. 2012) (Saylor, J., concurring) (discussing 42 Pa.C.S. §503 and noting that "the General Assembly has given this Court the authority to alter jurisdictional assignments by means of rulemaking").

7

As it concerns the identity of the court of competent jurisdiction, Rule 588(A) is quite clear:

> A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. *Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.*

Pa.R.Crim.P. 588(A) (emphasis added). There is nothing ambiguous about the determination of the appropriate court for such motions. *Cf. Commonwealth v. Allen*, 107 A.3d 709, 716 (Pa. 2014) ("Rule 588 . . . is sufficiently precise with regard to who may file a return motion and where the motion must be filed . . . . Specifically, return motions are filed by 'a person aggrieved by a search and seizure' and must 'be filed in the court of common pleas for the judicial district in which the property was seized.'").

For purposes of the instant case, 42 Pa.C.S. §5806(a)(1) and Pa.R.Crim.P. 588(A) plainly refer to the Court of Common Pleas of Philadelphia County, because Green avers that the property at issue was seized from him in Philadelphia.

Moreover, there is no basis upon which to conclude that this Court may exercise jurisdiction concurrently with a court of common pleas. Section 931(b) of the Judicial Code states that the original jurisdiction of the courts of common pleas "shall be exclusive except with respect to actions and proceedings concurrent jurisdiction of which is by statute or by general rule adopted pursuant to [42 Pa.C.S. §503] vested in another court of this Commonwealth or in the magisterial district judges." 42 Pa.C.S. §931(b). No statute or general rule provides for such concurrent jurisdiction over motions for return of property in this Court.

Although Green does not invoke section 761(a) of the Judicial Code, having mistakenly relied upon ancillary jurisdiction under section 761(c), one might

8

question whether Green's action could lie in this Court as an action "[a]gainst the Commonwealth government," given that he seeks relief against PSP. 42 Pa.C.S. §761(a)(1). While this may seem sensible in the abstract, there are a number of reasons that it cannot be so. First, it is unquestionable that 42 Pa.C.S. §5806(a)(1) and Pa.R.Crim.P. 588(A) vest jurisdiction in the courts of common pleas, and, as noted above, the jurisdiction of the courts of common pleas is exclusive unless a statute or general rule provides for concurrent jurisdiction, which is not the case here. *See* 42 Pa.C.S. §931(b). Similarly, absent certain exceptions not applicable here, this Court's original jurisdiction statute likewise provides that "the jurisdiction of the Commonwealth Court under subsection (a) shall be exclusive . . . ." 42 Pa.C.S. §761(b).

Accordingly, were we to exercise exclusive jurisdiction over such actions under 42 Pa.C.S. §761(a)(1), we would be depriving a court of common pleas of its exclusive jurisdiction, posing an inexorable conflict between statutory provisions. This would violate numerous principles of statutory construction, given that we must construe statutes to give effect to all of their provisions, 1 Pa.C.S. §1921(a), and that we must presume that the General Assembly intends all parts of statutes to be effective and certain, 1 Pa.C.S. §1922(2). Moreover, under the principle that the particular controls the general, where there exists a conflict between a general provision of law and a special provision, "the special provision[] shall prevail and shall be construed as an exception to the general provision . . . ." 1 Pa.C.S. §1933. Because 42 Pa.C.S. §5806(a)(1) and Pa.R.Crim.P. 588(A) provide clear and particular mandates that motions for return of property be filed in the court of common pleas in the judicial district where the property was seized, they control over the general provision granting

9

this Court original jurisdiction over actions against the "Commonwealth government." 42 Pa.C.S. §761(a)(1).

Green's remaining arguments are unavailing. To the extent that Green contends that motions for return of property apply only to property seized pursuant to a search warrant, Rule 588(A) plainly authorizes the filing of the motion by a "person aggrieved by a search and seizure, *whether or not executed pursuant to a warrant*." Pa.R.Crim.P. 588(A) (emphasis added). Similarly, Green is mistaken in assuming that only a person arrested or charged with a crime may file the motion. To the contrary, the only requisite is that the movant be "aggrieved by a search and seizure." *Id.* Indeed, where our Supreme Court once held that a *criminal defendant* waived the opportunity to file a motion for return of property by failing to do so within the 30 days after disposition that the criminal trial court retained jurisdiction, *see Allen*, 107 A.3d at 716-18,[6] this Court has afforded much more flexibility to individuals, such as Green, who have not been charged with a crime. We have held that, where the movant is *not* charged with a crime, the Rule 588 motion may be filed within the six-year residual catchall statute of limitations of 42 Pa.C.S. §5527(b). *In re Return of Personal Property*, 180 A.3d 1288, 1292-94 (Pa. Cmwlth. 2018). Precedents such as *In re Return of Personal Property* amply demonstrate that a criminal arrest or prosecution is not a prerequisite to the filing of a motion for return of property.

---

[6] Notably, the *Allen* Court stressed that its holding was "limited to the factual circumstances presented, where the property owner is the criminal defendant, and had an opportunity to move for the return of property during the thirty days following disposition of the charges, while the trial court had jurisdiction." *Allen*, 107 A.3d at 717 n.10. The Court did not attempt to "define the timing pertaining to other circumstances, such as where the property is owned by an individual who is not a party to the underlying criminal action." *Id. See also Commonwealth v. Irland*, 193 A.3d 370, 377 n.9 (Pa. 2018) (emphasizing *Allen*'s waiver-based and fact-specific limitations, and distinguishing *Allen* on the basis of the Commonwealth's filing of a forfeiture petition in response to return motion filed more than 30 days after criminal disposition).

Because subject matter jurisdiction is lacking in this Court, we will sustain PSP's preliminary objection. However, because we have identified a court properly vested with jurisdiction over Green's claim, we will transfer this matter to that court pursuant to section 5103(a) of the Judicial Code, 42 Pa.C.S. §5103(a),[7] and Pa.R.C.P. No. 213(f).[8] *See Seitel*, 92 A.3d at 863-64. The Prothonotary of this Court shall transfer the above proceedings to the Prothonotary of the Court of Common Pleas of Philadelphia County.

---

[7] Section 5103(a) provides:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. §5103(a).

[8] Rule 213(f) provides:

> When an action is commenced in a court which has no jurisdiction over the subject matter of the action it shall not be dismissed if there is another court of appropriate jurisdiction within the Commonwealth in which the action could originally have been brought but the court shall transfer the action at the cost of the plaintiff to the court of appropriate jurisdiction. It shall be the duty of the prothonotary or clerk of the court in which the action is commenced to transfer the record together with a certified copy of the docket entries to the prothonotary or clerk of the court to which the action is transferred.

Pa.R.C.P. No. 213(f).

PSP's preliminary objection is sustained.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Green,                                          :
                    Petitioner                       :
                                                     :      No.  349 M.D. 2020
          v.                                         :
                                                     :
Pennsylvania State Police,                           :
                    Respondent                       :

## *ORDER*

AND NOW, this 6th day of August, 2021, the preliminary objection of Pennsylvania State Police is SUSTAINED.  Because this Court lacks subject matter jurisdiction over the claims asserted in Mark Green's petition for review, we transfer the above-captioned matter to the Court of Common Pleas of Philadelphia County. The Prothonotary of this Court shall transfer this matter to the Office of Judicial Records- Civil of the Court of Common Pleas of Philadelphia County.  The pending "Motion to Provide Newly Discovered Evidence in Support of the Pending Motion for Review and for a Status Update" is additionally to be transferred. JURISDICION RELINQUISHED.

                                        _____
                                        PATRICIA A. McCULLOUGH, Judge